UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JUDGE CROTTY

|  |  |
|---|---|
| BURBERRY LIMITED and BURBERRY USA, | ) |
|  | ) |
| Plaintiffs, | ) |
|  | ) |
| v. | ) |
|  | ) |
| DESIGNERS IMPORTS, INC., | ) |
|  | ) |
| Defendant. | ) |

**07 CIV 3997**

2007 Civ._____ (_____)

<u>COMPLAINT</u>
**(Jury Trial Demanded)**



Plaintiffs Burberry Limited and Burberry USA ("Burberry" or "Plaintiffs") complain and allege against Defendant Designers Imports, Inc. ("Designers Imports" or "Defendant") as follows:

<u>**INTRODUCTION**</u>

1.     In this Complaint, Burberry seeks injunctive relief and damages pursuant to Sections 32, 43(a) and 43(c) of the Lanham Act, 15 U.S.C. §§ 1114, 1125(a) and (c), Sections 349 and 360-1 of the New York General Business Law, and the common law of the State of New York.

2.     Defendant has, on multiple occasions, offered purportedly authentic discount Burberry merchandise on its website, www.designersimports.com, that is in fact counterfeit and/or otherwise infringes upon Burberry's rights.

3.     For approximately a century, Burberry has devoted substantial resources to promoting the goodwill of its principal trademarks, including its BURBERRY® name, BURBERRY CHECK and the Burberry equestrian knight on horseback (the "EQUESTRIAN

## THE PARTIES

9.     Plaintiff Burberry Limited is a corporation duly organized and existing under the laws of the United Kingdom with a principal place of business at 18-22 Haymarket, SW1Y 4DQ, United Kingdom.

10.     Plaintiff Burberry USA, a sister company of Plaintiff Burberry Limited, is located at 1350 Avenue of the Americas, New York, New York 10019.  Burberry USA manages the trademarks owned by Burberry Limited in North America, including the Burberry Trademarks.

11.     Upon information and belief, Defendant Designers Imports is a New York corporation with offices at 1117 Route 17M, Suite 2, Monroe, New York 10950 and 11 Lake Street, No. 201, Monroe, New York 10950.  Designers Imports sells apparel and accessories online at discounted prices.

## BACKGROUND

### A.     Plaintiffs' Famous Trademarks and Products

12.     Plaintiffs' predecessor in interest, Mr. Thomas Burberry, opened an outfitters shop in Hampshire, United Kingdom, over 150 years ago, in 1856.  The BURBERRY® name has been used in commerce continuously since that time.

13.     The BURBERRY CHECK trademark -- a distinctive red, camel, black and white check pattern -- was introduced by Mr. Burberry's company in the 1920's and has been used on various products over the years, including handbags, clothing, luggage, umbrellas and other items.  A photograph showing the BURBERRY CHECK is attached hereto as Exhibit A.

14.     The BURBERRY CHECK has been continuously used in both the original colors and other color combinations for over three-quarters of a century.

3

15.    The EQUESTRIAN KNIGHT DEVICE, as shown in the attached Exhibit B, was introduced by Mr. Burberry's company and has been used on numerous products for approximately a century since its introduction.

16.    Burberry is responsible for designing and/or licensing, assembling, finishing, marketing and selling in interstate commerce high quality handbags, clothes, footwear, scarves, luggage, watches, eyeglasses, sunglasses, jewelry, cosmetics, writing instruments and many other products.

17.    Burberry's merchandise is sold in high-end department stores, luxury boutiques, BURBERRY® stores, online at Burberry.com and other authorized retail establishments.

18.    Burberry is the exclusive distributor or licensor in the United States of Burberry merchandise that bears the Burberry Trademarks. The Burberry Trademarks have thus been used by Burberry on, and in connection with, the advertising and sale of Burberry's products, including coats, jackets and shirts, in interstate and intrastate commerce, including commerce in the State of New York and in this judicial district. Burberry owns numerous federal registrations for the Burberry Trademarks, as listed in Exhibit C. Copies of the records showing these registrations with the U.S. Patent and Trademark Office ("PTO") are attached as Exhibits D-N.

19.    These registrations for the Burberry Trademarks are in full force and effect and many have become incontestable pursuant to 15 U.S.C. § 1065.

20.    Burberry has used the Burberry Trademarks for many years on and in connection with BURBERRY® merchandise.

21.    The Burberry Trademarks identify high quality products originating with Burberry. Burberry has expended millions of dollars in advertising BURBERRY® products and has made substantial investments in protecting its marks and logos.

4

28.     Defendant has offered for sale and/or sold merchandise displaying spurious designations that are identical to, or substantially indistinguishable from, Plaintiffs' Burberry Trademarks on goods for which the Burberry Trademarks are registered, including coats, jackets and shirts. Defendant has used these spurious designations in connection with the advertising, sale, offering for sale and distribution of goods for its own personal financial gain.

29.     Burberry has not authorized Defendant's use of the Burberry Trademarks to advertise, offer for sale, sell and distribute Defendant's counterfeit products.

30.     Defendant's unauthorized advertising, offering for sale and sale of counterfeit goods that use the Burberry Trademarks constitute Defendant's use of Plaintiffs' registered Burberry Trademarks in commerce.

31.     Defendant's unauthorized use of the Burberry Trademarks is likely to:

    (a)    cause confusion, mistake and deception;

    (b)    cause the public to believe that Defendant's counterfeit products are authorized, sponsored or approved by Plaintiffs or that Defendant is affiliated, connected or associated with or in some way related to Plaintiffs; and

    (c)    result in Defendant unfairly benefiting from Plaintiffs' goodwill and reputation, to the substantial and irreparable injury of the public, Plaintiffs and the Burberry Trademarks and the substantial goodwill represented thereby.

32.     Defendant's acts as described in this Complaint constitute trademark counterfeiting in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

33.     Defendant's acts have caused and will continue to cause irreparable injury to Plaintiffs. Plaintiffs have no adequate remedy at law and are thus damaged in an amount not yet determined.

6

## COUNT TWO
## INFRINGEMENT OF REGISTERED TRADEMARKS
## UNDER SECTION 32 OF THE LANHAM ACT

34.     Burberry hereby incorporates by reference and realleges each and every allegation

of Paragraphs 1 through 33 above.

35.     Section 32(1)(a) of the Lanham Act, 15 U.S.C. § 1114(1)(a), prohibits any person

from using in commerce, without the consent of the registrant:

> any reproduction, counterfeit, copy, or colorable imitation of a
> registered mark in connection with the sale, offering for sale,
> distribution, or advertising of any goods or services on or in
> connection with which such use is likely to cause confusion, or to
> cause mistake, or to deceive....

36.     The Burberry Trademarks are federally-registered.  These marks are fanciful and

arbitrary and are associated in the mind of the public uniquely with Plaintiffs.

37.     Based on Burberry's extensive advertising, sales and the popularity of its high

quality products, the Burberry Trademarks have also acquired secondary meaning so that the

public associates these trademarks exclusively with Burberry.

38.     Defendant uses the Burberry Trademarks in U.S. commerce in connection with

Defendant's sale, distribution and advertising of its counterfeit goods, despite the fact that they

are the exclusive property of Plaintiffs.

39.     Defendant has intentionally used Plaintiffs' registered trademarks without

Burberry's consent or authorization.  Defendant's use, including in the sale and distribution of

infringing products in interstate commerce, is likely to cause confusion and/or mistake in the

minds of the public, leading the public to believe that Defendant's products emanate or originate

from Plaintiffs, or that Plaintiffs have approved, sponsored or otherwise associated themselves

with Defendant or its counterfeit products bearing the Burberry Trademarks.

7

40.    Defendant's unauthorized use of the Burberry Trademarks as set forth above has resulted in Defendant unfairly benefiting from Plaintiffs' advertising and promotion and from the Burberry Trademarks, all to the substantial and irreparable injury of the public, Plaintiffs and the Burberry Trademarks and the substantial goodwill represented thereby.

41.    Defendant's acts have caused and will continue to cause irreparable injury to Plaintiffs. Plaintiffs have no adequate remedy at law and are thus damaged in an amount not yet determined.

### COUNT THREE
### FALSE DESIGNATION OF ORIGIN, TRADE NAME, INFRINGEMENT, AND FALSE DESCRIPTION AND REPRESENTATION UNDER SECTION 43(a) OF THE LANHAM ACT

42.    Burberry hereby incorporates by reference and realleges each and every allegation of Paragraphs 1 through 41 above.

43.    Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), provides that:

> Any person who, on or in connection with any goods or services, . . . uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which
>
> (1) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person, or (2) in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities, . . .
>
> shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.

44.    By making unauthorized use, in interstate commerce, of the Burberry Trademarks, Defendant has used a "false designation of origin" that is likely to cause confusion,

8

mistake or deception as to the affiliation or connection of Defendant with Burberry and as to the sponsorship or approval of Defendant's services by Burberry, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

45.    Defendant has used, in connection with its sale of goods, false designations of origin and false and misleading descriptions and representations, including the Burberry Trademarks, which tend falsely to describe the origin, sponsorship, association or approval by Plaintiffs of the counterfeit goods sold by Defendant.

46.    Defendant's sale of counterfeit goods, which make use of one or more of the Burberry Trademarks, causes confusion and mistake, deceives and misleads the purchasing public, trades upon Burberry's high quality reputation, and improperly appropriates to Defendant the valuable trademark rights of Plaintiffs.

47.    Defendant's acts constitute the use in commerce of false designations of origin and false and/or misleading descriptions or representations, tending to describe and/or represent, in a false or misleading fashion, Defendant's products as those of Plaintiffs in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

48.    Defendant's wrongful acts will continue unless enjoined by this Court.

49.    Defendant's acts have caused and will continue to cause irreparable injury to Plaintiffs. Plaintiffs have no adequate remedy at law and are thus damaged in an amount not yet determined.

## COUNT FOUR
## DILUTION UNDER
## SECTION 43(c) OF THE LANHAM ACT

50.    Burberry hereby incorporates by reference and realleges each and every allegation of Paragraphs 1 through 49 above.

51.    Plaintiffs are the exclusive owners of the Burberry Trademarks nationwide.

9

52.     Plaintiffs' Burberry Trademarks are famous and distinctive within the meaning of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

53.     The BURBERRY® mark, and BURBERRY CHECK and EQUESTRIAN KNIGHT DEVICE shown as Exhibits A and B hereto, are all inherently distinctive marks that have been in use for many years nationwide and play a prominent role in Plaintiffs' marketing, advertising and the popularity of their products across many different media. These marks became famous since long before Defendant began using confusingly similar marks on counterfeit merchandise in interstate commerce on its Internet site. Burberry's trademarks have garnered widespread publicity and public recognition in New York and elsewhere nationwide. To enhance its rights further, Burberry has obtained several federal registrations, entitling it to nationwide rights in the BURBERRY® mark, BURBERRY CHECK and EQUESTRIAN KNIGHT DEVICE.

54.     Defendant's sale of counterfeit goods that use the Burberry Trademarks constitutes commercial use in commerce of the Burberry Trademarks. Burberry has not authorized or licensed this use.

55.     Consumers are likely to purchase Defendant's counterfeit products in the erroneous belief that Defendant is associated with, sponsored by or affiliated with Burberry, or that Burberry is the source of those products. Defendant's use of the Burberry Trademarks actually dilutes, or is likely to dilute, the distinctive quality of those marks and lessens the capacity of the Burberry Trademarks to identify and distinguish Burberry's goods. Defendant's unlawful use of the Burberry Trademarks in connection with inferior, counterfeit goods also tarnishes the Burberry Trademarks and causes blurring in the minds of consumers between

Burberry and Defendant, as well as between Burberry and the counterfeit goods, thereby
lessening the value of the Burberry Trademarks as unique identifiers of BURBERRY® products.

56.     By the acts described in Paragraphs 1 through 55, Defendant has intentionally and
willfully diluted, or is likely to dilute, the distinctive quality of the famous Burberry Trademarks
in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

57.     Defendant's wrongful acts will continue unless enjoined by this Court.

58.     Defendant's acts have caused and will continue to cause irreparable injury to the
Plaintiffs. Plaintiffs have no adequate remedy at law and are thus damaged in an amount not yet
determined.

**COUNT FIVE**
**DECEPTIVE ACTS AND PRACTICES UNDER**
**SECTION 349 OF NEW YORK GENERAL BUSINESS LAW**

59.     Burberry hereby incorporates by reference and realleges each and every allegation
of Paragraphs 1 through 58 above.

60.     Through its advertisement, offering for sale and/or sale of counterfeit products
bearing the Burberry Trademarks, Defendant has engaged in consumer-oriented conduct that has
adversely affected the public interest of New York and has resulted in injury to consumers in
New York.

61.     Defendant's deceptive acts or practices, as described in the paragraph above, are
materially misleading. Upon information and belief, these acts or practices have deceived or
have a tendency to deceive a material segment of the public to whom Defendant has directed its
marketing activities, and both the public and Burberry have been injured thereby.

62.     By the acts described in Paragraphs 1 through 61, Defendant has willfully
engaged in deceptive acts or practices in the conduct of business and furnishing of services in
violation of Section 349 of the New York General Business Law.

11

63.    Defendant's acts have caused and will continue to cause irreparable injury to Plaintiffs. Plaintiffs have no adequate remedy at law and are thus damaged in an amount not yet determined.

**COUNT SIX**
**DILUTION AND LIKELIHOOD OF INJURY**
**TO BUSINESS REPUTATION UNDER**
**SECTION 360-1 OF NEW YORK GENERAL BUSINESS LAW**

64.    Burberry hereby incorporates by reference and realleges each and every allegation of Paragraphs 1 through 63 above.

65.    Plaintiffs are the exclusive owners of the Burberry Trademarks nationwide, including in New York.

66.    Through prominent, long and continuous use in commerce, including commerce within New York, Plaintiffs' Burberry Trademarks have become and continue to be famous and distinctive, since long before Defendant's sale and/or offering for sale of the counterfeit merchandise at issue here.

67.    Consumers are likely to purchase Defendant's counterfeit products in the erroneous belief that Defendant is associated with, sponsored by, or affiliated with Burberry, or that Burberry is the source of those products. Defendant's use of the Burberry Trademarks dilutes the distinctive quality of those marks and lessens the capacity of such marks to identify and distinguish Burberry's goods. Defendant's unlawful use of the Burberry Trademarks in connection with inferior, counterfeit goods also tarnishes the Burberry Trademarks and causes blurring in the minds of consumers between Burberry and the Defendant, thereby lessening the value of the Burberry Trademarks as unique identifiers of BURBERRY® products.

68.    By the acts described in Paragraphs 1 through 67, Defendant has diluted the distinctiveness of Plaintiffs' marks and caused a likelihood of harm to Plaintiffs' business reputation in violation of Section 360-l of the New York General Business Law.

69.    Defendant's wrongful acts will continue unless enjoined by this Court.

70.    Defendant's acts have caused and will continue to cause irreparable injury to Plaintiffs. Plaintiffs have no adequate remedy at law and are thus damaged in an amount not yet determined.

### COUNT SEVEN - TRADEMARK INFRINGEMENT UNDER COMMON LAW

71.    Burberry hereby incorporates by reference and realleges each and every allegation of Paragraphs 1 through 70 above.

72.    Plaintiffs own all right, title and interest in and to the Burberry Trademarks as described above, including all common law rights in such marks.

73.    The counterfeit products sold by Defendant incorporate imitations of Plaintiffs' common law trademarks. Such unauthorized use by Defendant of Plaintiffs' common law trademarks constitutes trademark infringement and is likely to cause confusion and mistake in the minds of the trade and the purchasing public as to the source of the products and to cause purchasers mistakenly to believe that such products are Burberry's authentic goods, or that Burberry endorsed, licensed or sponsored those goods.

74.    Upon information and belief, Defendant has appropriated one or more of Burberry's common law trademarks, causing confusion, mistake, and deception as to the source of its goods. Defendant "palms off" its goods as those of Burberry, improperly trading upon Burberry's goodwill and Burberry's valuable rights in and to the Burberry Trademarks.

75.    Upon information and belief, Defendant committed the above alleged acts willfully, in bad faith, and in conscious disregard of Plaintiffs' rights, and Plaintiffs are therefore entitled to exemplary and punitive damages pursuant to the common law of the State of New York in an amount sufficient to punish, deter and make an example of Defendant.

76.    By the acts described in Paragraphs 1 through 75, Defendant has engaged in trademark infringement in violation of the common law of the State of New York.

77.    Defendant's acts have caused and will continue to cause irreparable injury to Plaintiffs. Plaintiffs have no adequate remedy at law and are thus damaged in an amount not yet determined.

## COUNT EIGHT
## UNFAIR COMPETITION UNDER COMMON LAW

78.    Burberry hereby incorporates by reference and realleges each and every allegation of Paragraphs 1 through 77 above.

79.    Defendant palms off its goods as those of Burberry, improperly trading upon Burberry's goodwill and Burberry's valuable rights in and to the Burberry Trademarks. Consumers are mistakenly led to believe that Burberry is the source of Defendant's goods or that Defendant endorsed, licensed or is otherwise affiliated with Burberry.

80.    Upon information and belief, Defendant committed the above alleged acts willfully, in bad faith and in conscious disregard of Burberry's rights, and Burberry is therefore entitled to exemplary and punitive damages pursuant to the common law of the State of New York in an amount sufficient to punish, deter and make an example of Defendant.

81.    By the acts described in Paragraphs 1 through 80 above, Defendant has engaged in unfair competition in violation of the common law of the State of New York.

14

82.    Defendant's acts have caused and will continue to cause irreparable injury to Plaintiffs. Plaintiffs have no adequate remedy at law and are thus damaged in an amount not yet determined.

## COUNT NINE
## BREACH OF CONTRACT UNDER COMMON LAW

83.    Burberry hereby incorporates by reference and realleges each and every allegation of Paragraphs 1 through 82 above.

84.    As stated above, the parties entered into an Agreement in resolution of an earlier conflict involving Defendant's sale of counterfeit BURBERRY® merchandise. That Agreement was signed by Burberry Limited on April 12, 2005, and was subsequently amended. The Agreement both authorizes Burberry to sue for breach and preserves Burberry's rights to bring an action under all applicable trademark laws. Defendant is subject to $1500.00 per day in liquidated damages upon breach.

85.    The Agreement between the parties is a valid contract, supported by adequate consideration. Burberry has performed its obligations under the contract.

86.    By selling counterfeit merchandise and infringing Burberry's rights, Defendant has breached the Agreement under New York common law, thereby injuring Burberry. Defendant is therefore liable for injunctive relief and liquidated damages in the amount of $1500.00 per day.

## COUNT TEN -
## UNJUST ENRICHMENT UNDER COMMON LAW

87.    Burberry hereby incorporates by reference and realleges each and every allegation of Paragraphs 1 through 86 above.

15

88.     Upon information and belief, Defendant has been and will continue to be unjustly enriched as the result of its unauthorized sales of wearing apparel displaying the Burberry Trademarks, thereby depriving Burberry of revenues it rightfully should receive by virtue of its famous trademarks.

89.     By the acts described in Paragraphs 1 through 88 above, Defendant has retained revenues to which it is not equitably or legally entitled, and is thereby unjustly enriched at Burberry's expense, in violation of the common law of the State of New York.

90.     Defendant's acts have caused and will continue to cause irreparable injury to Plaintiffs. Plaintiffs have no adequate remedy at law and are thus damaged in an amount not yet determined.

WHEREFORE, Burberry prays:

A.     For judgment that:

(i)     Defendant has violated Section 32(a) of the Lanham Act, 15 U.S.C. § 1114(a);

(ii)    Defendant has violated Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a);

(iii)   Defendant has violated Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c);

(iv)    Defendant has engaged in deceptive acts and practices under Section 349 of the New York General Business Law;

(v)     Defendant has diluted Burberry's marks and caused a likelihood of injury to Plaintiffs' business reputation in violation of Section 360-l of the New York General Business Law;

(vi)    Defendant has engaged in trademark infringement under the common law of New York;

(vii)   Defendant has engaged in unfair competition in violation of the common law of New York;

16

(viii)  Defendant has committed a breach of contract under the common law of New York; and

(ix)  Defendant has been unjustly enriched in violation of New York common law.

B.  That a preliminary and permanent injunction be issued enjoining and restraining Defendant and its officers, agents, servants, employees and attorneys and all those in active concert or participation with them, from:

(1)  Using any reproduction, counterfeit, copy or colorable imitation of the Burberry Trademarks to identify any goods not authorized by Burberry;

(2)  Engaging in any course of conduct likely to cause confusion, deception or mistake, or to injure Burberry's business reputation or dilute the distinctive quality of the Burberry Trademarks;

(3)  Using a false description or representation including words or other symbols tending falsely to describe or represent Defendant's unauthorized goods as being those of Burberry or sponsored by or associated with Burberry and from offering such goods into commerce;

(4)  Further infringing the Burberry Trademarks by distributing, circulating, selling, marketing, offering for sale, advertising, promoting, renting, displaying or otherwise disposing of any products not authorized by Burberry bearing any simulation, reproduction, counterfeit, copy or colorable imitation of the Burberry Trademarks;

(5)  Using any simulation, reproduction, counterfeit, copy or colorable imitation of the Burberry Trademarks in connection with the promotion, advertisement, display, sale, offering for sale, circulation or distribution of any unauthorized products in such fashion as to relate or connect, or tend to relate or connect, such products in any way to Burberry, or to any goods sold, manufactured, sponsored or approved by, or connected with Burberry;

(6)  Making any statement or representation whatsoever, or using any false designation of origin or false description, or performing any act, which can or is likely to lead the trade or public, or individual members thereof, to believe that any products distributed, or sold by Defendant are in any manner associated or connected with Burberry, or are sold, manufactured, licensed, sponsored, approved or authorized by Burberry;

(7)  Constituting an infringement of any of the Burberry Trademarks or of Burberry's rights in said trademarks, or to using or exploiting said

trademarks, or constituting any dilution of Plaintiffs' Burberry Trademarks;

(8)    Secreting, destroying, altering, removing, or otherwise dealing with the unauthorized products or any books or records that contain any information relating to the importing, manufacturing, producing, distributing, circulating, selling, marketing, offering for sale, advertising, promoting, renting or displaying of all unauthorized products that infringe the Burberry Trademarks; and

(9)    Effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in subparagraphs (1) through (8).

C.    That an order be issued directing Defendant to deliver up for destruction to Burberry or its designated agent all unauthorized products and advertisements in its possession or under its control bearing any of the Burberry Trademarks or any simulation, reproduction, counterfeit, copy or colorable imitation thereof pursuant to 15 U.S.C. § 1118, and directing Defendant to remove from its website, www.designersimports.com, all references to counterfeit Burberry products.

D.    That an order be issued directing such other relief as the Court may deem appropriate to prevent the trade and public from deriving any erroneous impression that any products manufactured, sold or otherwise circulated or promoted by Defendant are authorized by Burberry or related in any way to Burberry's products.

E.    For an assessment of the following profits, damages and fees: (i) damages suffered by Burberry, trebled, including an award for all profits that Defendant has derived while using the Burberry Trademarks, trebled, as well as costs and attorney's fees to the full extent provided for by Section 35 of the Lanham Act, 15 U.S.C. § 1117; (ii) alternatively, that Plaintiffs be awarded statutory damages pursuant to 15 U.S.C. § 1117(c) of up to $1,000,000 for each trademark that Defendant has counterfeited and infringed; (iii) profits, damages and fees, to the full extent available, pursuant to Sections 349 and 360-l of the New York General Business Law;

18

(iv) actual and punitive damages to the full extent available under the common law; and (v) $1500.00 per day since the date of breach for Burberry's common law breach of contract claim.

      F.      For an order requiring Defendant to disseminate corrective advertisements, including on its website, www.designersimports.com, in a form approved by the Court, to acknowledge its violations of the law hereunder, and to ameliorate the false and deceptive impressions produced by such violations.

      G.      For costs of suit, and for such other and further relief as the Court shall deem appropriate.

ARNOLD & PORTER LLP

By: _____
      Anthony Boccanfuso (AB 5403)
      399 Park Avenue
      New York, New York  10022-4690
      (212) 715-1000

      Roberta L. Horton
      Michael Allan
      (*pending pro hac vice*)
      555 Twelfth Street, N.W.
      Washington, D.C.  20004
      (202) 942-5000

      *Counsel for Plaintiffs*

Dated: May 22 , 2007,
New York, New York

19

## DEMAND FOR TRIAL BY JURY

PLEASE TAKE NOTICE that Plaintiffs, pursuant to Rule 38(b) of the Federal

Rules of Civil Procedure, hereby demand trial by jury for all issues so triable.

Dated: New York, New York
       May 22, 2007

Respectfully submitted,

**ARNOLD & PORTER LLP**

By:_____
        Anthony D. Boccanfuso (AB 5403)
        399 Park Avenue
        New York, New York  10022-4690
        (212) 715-1000

        Roberta L. Horton
        Michael J. Allan
        *(pending pro hac vice)*
        555 Twelfth Street, N.W.
        Washington, D.C.  20004
        (202) 942-5000

        *Counsel for Plaintiffs*

Exhibit A

# THE BURBERRY CHECK
# TRADEMARK



Exhibit B

## THE BURBERRY KNIGHT



Exhibit C

| Trademark | Reg. No. | Reg. Date | Goods Covered |
|---|---|---|---|
| BURBERRY CHECK | 1,241,222 | 06/07/1983 | coats, topcoats, jackets, trousers, slacks, waistcoats, skirts, capes, hats, bonnets, berets, shirts, scarves, shawls and blouses. |
| BURBERRY CHECK | 1,855,154 | 09/20/1994 | watches, clocks and parts therefore; straps, bracelets for wrist watches, jewelry; costume jewelry, tie pins, cuff links |
| BURBERRY CHECK | 2,015,462 | 11/12/1996 | socks |
| BURBERRY CHECK | 2,022,789 | 12/17/1996 | suitcases, traveling bags, holdalls, suit and garment carriers for travel, attaché cases, document cases, briefcases, purses, drawstring pouches, wallets, billfolds, passport holders, key cases, handbags, shoulder bags, credit card cases, business card cases, toilet bags sold empty, toilet cases sold empty, shaving bags sold empty, tie cases for travel, umbrellas and parasols; clothing for men and women, namely, scarves, pullovers, cardigans, sweaters, overcoats, raincoats, shirts, belts; slippers for men; golf bags, golf club covers, golf ball holders, cases containing golf balls, golf tees and golf markers, cases for holding score cards, pens and pencils for use in golf; traveling comforter, namely, fabric blanket-like articles for keeping warm, e.g., when traveling in cold climates, or for use as a stadium blanket |
| BURBERRY CHECK | 2,612,272 | 08/27/2002 | retail services in the fields of clothing, accessories, shoes, luggage, leather goods and fragrances. |
| BURBERRY CHECK | 2,689,921 | 02/25/2003 | Perfumes, eau de toilettes, body lotion; soaps; personal deodorants; eau de parfums; aftershaves; shampoo for the hair and for the body; shower gels; bath gels. |
| BURBERRY CHECK | 2,845,852 | 05/25/2004 | Sunglasses, spectacles, optical glasses, fitted frames and lenses for the aforesaid goods; cases and holders for the aforesaid goods; carrying cases and holders for portable computers and mobile telephones. |

1

| Trademark | Reg. No. | Reg. Date | Goods Covered |
|---|---|---|---|
| BURBERRY KNIGHT | 862,816 | 12/31/1968 | Textile piece goods made of wool, cotton and man-made fibres and combinations of these. |
| BURBERRY KNIGHT | 863,179 | 01/07/1969 | coats, topcoats, jackets, suits, breeches, trousers, slacks, shorts, riding habits, waistcoats, gaiters, leggings, overalls, skirts, fur coats, fur jackets, capes, hats, caps, helmets, bonnets, hoods, toques, berets, neckties, stockings, socks, braces, suspenders, garters, belts, boots, shoes, slippers, sandals, underwear, gloves, shirts, collars, pajamas, lingerie, dressing gowns, cardigans, sweaters, pullovers, scarves, corsetry, foundation garments, brassieres, blouses, swimwear, beach robes, dresses, skiwear, fishing, waders, and handkerchiefs |
| BURBERRY KNIGHT | 1,622,186 | 11/13/1990 | sunglasses, goggles for protection against the glare by the sun; spectacles, frames and lenses |
| BURBERRY KNIGHT | 2,512,119 | 11/27/2001 | non-medicated toilet preparations, namely, perfumes, eau de cologne, and toilet water, essential oils for personal use, cosmetic preparations for the teeth and for the hair, namely, toothpastes, shampoos, conditioners, hair sprays, hair gels. Soaps for the body, shower gels and bath gels and bath foams; antiperspirants and deodorants; shaving preparations and potpourri. |
| BURBERRY KNIGHT | 2,952,399 | 11/13/1990 | sunglasses, combined sunglasses and goggles, goggles, spectacles, optical glasses, fitted frames and lenses for the aforesaid goods; cases and holders for the aforesaid goods; parts and fittings for all the aforesaid goods; computer carrying cases and specialty holsters and cases for carrying mobile telephones. |

2

Exhibit D

# THE UNITED STATES OF AMERICA

## TO ALL TO WHOM THESE PRESENTS SHALL COME:

### UNITED STATES DEPARTMENT OF COMMERCE

#### United States Patent and Trademark Office

**March 28, 2003**

THE ATTACHED U.S. TRADEMARK REGISTRATION *1,241,222* IS CERTIFIED TO BE A TRUE COPY WHICH IS IN FULL FORCE AND EFFECT WITH NOTATIONS OF ALL STATUTORY ACTIONS TAKEN THEREON AS DISCLOSED BY THE RECORDS OF THE UNITED STATES PATENT AND TRADEMARK OFFICE.

REGISTERED FOR A TERM OF *20* YEARS FROM  *June 07, 1983*
*1st* RENEWAL FOR A TERM OF *10* YEARS FROM  *June 07, 2003*
SECTION 8 & 15
SAID RECORDS SHOW TITLE TO BE IN:
  *BURBERRY LIMITED*
  *A UNITED KINGDOM CORP*



By Authority of the
**COMMISSIONER OF PATENTS AND TRADEMARKS**

**E. BORNETT**
**Certifying Officer**



### Nº 1241222

## THE UNITED STATES OF AMERICA

### CERTIFICATE OF REGISTRATION

This is to certify that the records of the Patent and Trademark Office show that an application was filed in said Office for registration of the Mark shown herein, a copy of said Mark and pertinent data from the Application being annexed hereto and made a part hereof,

And there having been due compliance with the requirements of the law and with the regulations prescribed by the Commissioner of Patents and Trademarks,

Upon examination, it appeared that the applicant was entitled to have said Mark registered under the Trademark Act of 1946, and the said Mark has been duly registered this day in the Patent and Trademark Office on the

### PRINCIPAL REGISTER

to the registrant named herein.

This registration shall remain in force for Twenty Years unless sooner terminated as provided by law.



In Testimony Whereof I have hereunto set my hand and caused the seal of the Patent and Trademark Office to be affixed this seventh day of June, 1983.

ACTING COMMISSIONER OF PATENTS AND TRADEMARKS

Int. Cl.: 25

Prior U.S. Cl.: 39

## United States Patent and Trademark Office

Reg. No. 1,241,222
Registered Jun. 7, 1983

## TRADEMARK
### Principal Register



A

Burberrys Limited (United Kingdom corporation)
18/22 Haymarket
London, England SWIY 4DQ

For: COATS, TOP COATS, JACKETS, TROU-SERS, SLACKS, WAISTCOATS, SKIRTS, CAPES, HATS, BONNETS, BERETS, SHIRTS, SCARVES, SHAWLS AND BLOUSES, in CLASS 25 (U.S. Cl. 39).

First use Mar. 1, 1923; in commerce Jul. 1, 1924.

The designated colors are a feature of the mark and the colors and shades of colors are light tan, dark tan, light brown, dark brown, black, white, very dark red, dark red, medium red, light red, dark grey, medium grey and light grey.

Sec. 2(f).

Ser. No. 170,890, filed May 18, 1978.

HENRY S. ZAK, Examining Attorney

**Exhibit E**



724225

# THE UNITED STATES OF AMERICA

## TO ALL TO WHOM THESE PRESENTS SHALL COME:

UNITED STATES DEPARTMENT OF COMMERCE

United States Patent and Trademark Office

April 30, 2004

THE ATTACHED U.S. TRADEMARK REGISTRATION *1,855,154* IS CERTIFIED TO BE A TRUE COPY WHICH IS IN FULL FORCE AND EFFECT WITH NOTATIONS OF ALL STATUTORY ACTIONS TAKEN THEREON AS DISCLOSED BY THE RECORDS OF THE UNITED STATES PATENT AND TRADEMARK OFFICE.

REGISTERED FOR A TERM OF *10* YEARS FROM  *September 20, 1994*
SECTION 8 & 15
AMENDMENT/CORRECTION/NEW CERT(SEC7) ISSUED
LESS GOODS
SAID RECORDS SHOW TITLE TO BE IN:
   BURBERRY LIMITED
   AN UK CORP

By Authority of the
COMMISSIONER OF PATENTS AND TRADEMARKS

E. BORNETT
Certifying Officer



## CERTIFICATE OF REGISTRATION

This is to certify that the records of the Patent and Trademark Office show that an application was filed in said Office for registration of the Mark shown herein, a copy of said Mark and pertinent data from the Application being annexed hereto and made a part hereof,

And there having been due compliance with the requirements of the law and with the regulations prescribed by the Commissioner of Patents and Trademarks,

Upon examination, it appeared that the applicant was entitled to have said Mark registered under the Trademark Act of 1946, as amended, and the said Mark has been duly registered this day in the Patent and Trademark Office on the

### PRINCIPAL REGISTER

to the registrant named herein.

This registration shall remain in force for TEN years unless sooner terminated as provided by law.



In Testimony Whereof I have hereunto set my hand and caused the seal of the Patent and Trademark Office to be affixed this twentieth day of September 1994.

Bruce Lehman

Int. Cl.: 14

Prior U.S. Cls.: 27 and 28

United States Patent and Trademark Office

Corrected

Reg. No. 1,855,154

Registered Sep. 20, 1994

OG Date Sep. 26, 1995

## TRADEMARK
## PRINCIPAL REGISTER



BURBERRYS LIMITED (UNITED KINGDOM LIMITED LIABILITY COMPANY),
18-22 HAYMARKET
LONDON SW1Y 4DQ, ENGLAND

OWNER OF U.S. REG. NO. 1,393,979.
THE DRAWING IS LINED FOR THE COLORS AND SHADES OF LIGHT TAN, DARK TAN, LIGHT BROWN, DARK BROWN, BLACK, WHITE, VERY DARK RED, DARK RED, MEDIUM RED,

LIGHT RED, DARK GRAY, MEDIUM GRAY AND LIGHT GRAY.

FOR: WATCHES, CLOCKS, AND PARTS THEREFOR; STRAPS, BRACELETS FOR WRIST WATCHES; [POCKET WATCHES; JEWELRY; COSTUME JEWELRY, TIE PINS,] CUFF LINKS, IN CLASS 14 (U.S. CLS. 27 AND 28).

FIRST USE 0-0-1982; IN COMMERCE 0-0-1982.

SER. NO. 74-237,110, FILED 1-13-1992.

*In testimony whereof I have hereunto set my hand and caused the seal of The Patent and Trademark Office to be affixed on Sep. 26, 1995.*

COMMISSIONER OF PATENTS AND TRADEMARKS

Exhibit F



## CERTIFICATE OF REGISTRATION
### PRINCIPAL REGISTER

The Mark shown in this certificate has been registered in the United States Patent and Trademark Office to the named registrant.

The records of the United States Patent and Trademark Office show that an application for registration of the Mark shown in this Certificate was filed in the Office; that the application was examined and determined to be in compliance with the requirements of the law and with the regulations prescribed by the Commissioner of Patents and Trademarks, and that the Applicant is entitled to registration of the Mark under the Trademark Act of 1946, as Amended.

A copy of the Mark and pertinent data from the application are a part of this certificate.

This registration shall remain in force for TEN (10) years, unless terminated earlier as provided by law, and subject to compliance with the provisions of Section 8 of the Trademark Act of 1946, as Amended.



Bruce Lehman

**Commissioner of Patents and Trademarks**

Int. Cl.: 25

Prior U.S. Cls.: 22 and 39

## United States Patent and Trademark Office

Reg. No. 2,015,462

Registered Nov. 12, 1996

## TRADEMARK
## PRINCIPAL REGISTER



BURBERRYS LIMITED (UNITED KINGDOM LIMITED LIABILITY COMPANY)
18-22 HAYMARKET
LONDON SW1Y 4DQ, ENGLAND

FOR: SOCKS, IN CLASS 25 (U.S. CLS. 22 AND 39).

FIRST USE 1-0-1994; IN COMMERCE 4-0-1995.

OWNER OF U.S. REG. NOS. 1,241,222 AND 1,855,154.

THE MARK IS LINED FOR THE COLORS LIGHT TAN, DARK TAN, LIGHT BROWN, DARK BROWN, VERY DARK RED, DARK RED, MEDIUM RED, LIGHT RED, DARK GREY, MEDIUM GREY, AND LIGHT GREY.

BLACK IS CLAIMED AS A FEATURE OF THE AREAS THAT ARE COMPLETELY DARKENED. WHITE IS CLAIMED AS A FEATURE OF THOSE AREAS THAT ARE NOT DARKENED AND ARE WITHOUT LINING.

THE MARK IS COMPRISED OF A REPEATING PLAID PATTERN. THE BROKEN LINES IN THE DRAWING SIGNIFY THAT THE MARK IS NOT LIMITED AS TO POSITION OR PLACEMENT.

SEC. 2(F).

SER. NO. 75-022,360, FILED 11-20-1995.

ANDREW LAWRENCE, EXAMINING ATTORNEY



**Exhibit G**



984613

# THE UNITED STATES OF AMERICA

## TO ALL TO WHOM THESE PRESENTS SHALL COME:

UNITED STATES DEPARTMENT OF COMMERCE

**United States Patent and Trademark Office**

**March 27, 2003**

THE ATTACHED U.S. TRADEMARK REGISTRATION 2,022,789 IS CERTIFIED TO BE A TRUE COPY WHICH IS IN FULL FORCE AND EFFECT WITH NOTATIONS OF ALL STATUTORY ACTIONS TAKEN THEREON AS DISCLOSED BY THE RECORDS OF THE UNITED STATES PATENT AND TRADEMARK OFFICE.

REGISTERED FOR A TERM OF *10* YEARS FROM  *December 17, 1996*
*SECTION 8 & 15*
SAID RECORDS SHOW TITLE TO BE IN:
   *BURBERRY LIMITED*
   *A CORPORATION OF THE UNITED KINGDOM*

By Authority of the
COMMISSIONER OF PATENTS AND TRADEMARKS

P. SWAIN
Certifying Officer



## The United States of America

### CERTIFICATE OF REGISTRATION
### PRINCIPAL REGISTER

*The Mark shown in this certificate has been registered in the United States Patent and Trademark Office to the named registrant.*

*The records of the United States Patent and Trademark Office show that an application for registration of the Mark shown in this Certificate was filed in the Office; that the application was examined and determined to be in compliance with the requirements of the law and with the regulations prescribed by the Commissioner of Patents and Trademarks, and that the Applicant is entitled to registration of the Mark under the Trademark Act of 1946, as Amended.*

*A copy of the Mark and pertinent data from the application are a part of this certificate.*

*This registration shall remain in force for TEN (10) years, unless terminated earlier as provided by law, and subject to compliance with the provisions of Section 8 of the Trademark Act of 1946, as Amended.*



*Bruce Lehman*

**Commissioner of Patents and Trademarks**

Int. Cls.: 18, 24, 25 and 28

Prior U.S. Cls.: 1, 2, 3, 22, 23, 38, 39, 41, 42 and 50

## United States Patent and Trademark Office

Reg. No. 2,022,789

Registered Dec. 17, 1996

## TRADEMARK
### PRINCIPAL REGISTER



BURBERRYS LIMITED (UNITED KINGDOM LIMITED LIABILITY COMPANY)
18-22 HAYMARKET
LONDON SW1Y 4DQ, ENGLAND

FOR: SUITCASES, TRAVELING BAGS, HOLDALLS, SUIT AND GARMENT CARRIERS FOR TRAVEL, ATTACHE CASES, DOCUMENT CASES, BRIEFCASES, PURSES, DRAWSTRING POUCHES, WALLETS, BILLFOLDS, PASSPORT HOLDERS, KEY CASES, HANDBAGS, SHOULDER BAGS, CREDIT CARD CASES, BUSINESS CARD CASES, TOILET BAGS SOLD EMPTY, TOILET CASES SOLD EMPTY, SHAVING BAGS SOLD EMPTY, TIE CASES FOR TRAVEL, UMBRELLAS AND PARASOLS, IN CLASS 18 (U.S. CLS. 1, 2, 3, 22 AND 41).

FIRST USE 0-0-1969; IN COMMERCE 0-0-1974.

FOR: TRAVELING COMFORTER, NAMELY, FABRIC BLANKET-LIKE ARTICLES FOR KEEPING WARM, E.G., WHEN TRAVELING IN COLD CLIMATES, OR FOR USE AS A STADIUM BLANKET , IN CLASS 24 (U.S. CLS. 42 AND 50).

FIRST USE 3-0-1976; IN COMMERCE 0-0-1976.

FOR: CLOTHING FOR MEN AND WOMEN, NAMELY, SCARVES, PULLOVERS, CARDIGANS, SWEATERS, OVERCOATS, RAINCOATS, SHIRTS, BELTS; SLIPPERS FOR MEN, IN CLASS 25 (U.S. CLS. 22 AND 39).

FIRST USE 3-1-1923; IN COMMERCE 7-1-1924.

2

2,022,789

FOR: GOLF BAGS, GOLF CLUB COVERS, GOLF BALL HOLDERS, CASES CONTAINING GOLF BALLS, GOLF TEES AND GOLF MARKERS, CASES FOR HOLDING SCORE CARDS, PENS AND PENCILS FOR USE IN GOLF , IN CLASS 28 (U.S. CLS. 22, 23, 38 AND 50).

FIRST USE 9-0-1981; IN COMMERCE 9-0-1981.

OWNER OF U.S. REG. NOS. 1,241,222 AND 1,855,154.

THE FOLLOWING COLORS AND SHADES OF COLORS ARE CLAIMED AS FEATURES OF THE MARK; LIGHT TAN, DARK TAN, LIGHT BROWN, DARK BROWN, BLACK, WHITE, VERY DARK RED, DARK RED, MEDIUM RED, LIGHT RED, DARK GRAY, MEDIUM GRAY AND LIGHT GRAY. THE COLOR LINING SYMBOLS FOR RED, BROWN AND GRAY ARE SHOWN IN THE DRAWING.

THE MARK CONSISTS OF A RED, BROWN, GRAY, BLACK, AND WHITE PLAID PATTERN APPLIED UNIFORMLY OVER THE GOODS OR SIGNIFICANT PARTS THEREOF. THE BROKEN LINES IN THE DRAWING ARE NOT A FEATURE OF THE MARK.

SEC. 2(F).

SER. NO. 74-532,896, FILED 6-3-1994.

ANDREW LAWRENCE, EXAMINING ATTORNEY

Exhibit H

# THE UNITED STATES OF AMERICA

## TO ALL TO WHOM THESE PRESENTS SHALL COME:

### UNITED STATES DEPARTMENT OF COMMERCE
#### United States Patent and Trademark Office

**February 01, 2005**

THE ATTACHED U.S. TRADEMARK REGISTRATION *2,612,272* IS
CERTIFIED TO BE A TRUE COPY OF THE REGISTRATION ISSUED BY
THE UNITED STATES PATENT AND TRADEMARK OFFICE WHICH
REGISTRATION IS IN FULL FORCE AND EFFECT.

REGISTERED FOR A TERM OF *10* YEARS FROM  *August 27, 2002*
SAID RECORDS SHOW TITLE TO BE IN:  *Registrant*

By Authority of the
COMMISSIONER OF PATENTS AND TRADEMARKS



E. BORNETT
**Certifying Officer**



# The United States of America

## CERTIFICATE OF REGISTRATION
### PRINCIPAL REGISTER

*The Mark shown in this certificate has been registered in the United States Patent and Trademark Office to the named registrant.*

*The records of the United States Patent and Trademark Office show that an application for registration of the Mark shown in this Certificate was filed in the Office; that the application was examined and determined to be in compliance with the requirements of the law and with the regulations prescribed by the Director of the United States Patent and Trademark Office; and that the Applicant is entitled to registration of the Mark under the Trademark Act of 1946, as Amended.*

*A copy of the Mark and pertinent data from the application are part of this certificate.*

*This registration shall remain in force for TEN (10) years, unless terminated earlier as provided by law, and subject to compliance with the provisions of Section 8 of the Trademark Act of 1946, as Amended.*



*Director of the United States Patent and Trademark Office*

Int. Cl.: 35

Prior U.S. Cls.: 100, 101 and 102

Reg. No. 2,612,272

United States Patent and Trademark Office

Registered Aug. 27, 2002

## SERVICE MARK
## PRINCIPAL REGISTER



BURBERRY LIMITED (UNITED KINGDOM CORPORATION)
18-22 HAYMARKET
LONDON SW1Y 4DQ, UNITED KINGDOM

FOR: RETAIL STORE SERVICES IN THE FIELDS OF CLOTHING, ACCESSORIES, SHOES, LUGGAGE, LEATHER GOODS AND FRAGRANCES, IN CLASS 35 (U.S. CLS. 100, 101 AND 102).

FIRST USE 4-0-1995; IN COMMERCE 4-0-1995.

OWNER OF U.S. REG. NOS. 1,241,222, 2,022,789 AND OTHERS.

THE LINING IS A FEATURE OF THE MARK AND DOES NOT INDICATE COLOR.

THE MARK CONSISTS OF A DESIGN USED IN WHOLE AND IN PART IN THE SALE AND ADVERTISING OF THE SERVICES. THE BROKEN LINES IN THE DRAWING SIGNIFY THAT THE MARK IS NOT LIMITED TO POSITION OR PLACEMENT.

SEC. 2(F).

SER. NO. 76-255,090, FILED 5-10-2001.

G. MAYERSCHOFF, EXAMINING ATTORNEY

Exhibit I



724225

# THE UNITED STATES OF AMERICA

## TO ALL TO WHOM THESE PRESENTS SHALL COME:

### UNITED STATES DEPARTMENT OF COMMERCE
#### United States Patent and Trademark Office

**April 30, 2004**

THE ATTACHED U.S. TRADEMARK REGISTRATION *2,689,921* IS CERTIFIED TO BE A TRUE COPY OF THE REGISTRATION ISSUED BY THE UNITED STATES PATENT AND TRADEMARK OFFICE WHICH REGISTRATION IS IN FULL FORCE AND EFFECT.

REGISTERED FOR A TERM OF *10* YEARS FROM   *February 25, 2003*
SAID RECORDS SHOW TITLE TO BE IN:   *Registrant*

By Authority of the
COMMISSIONER OF PATENTS AND TRADEMARKS

E. BORNETT
Certifying Officer

# The United States of America

## CERTIFICATE OF REGISTRATION
### PRINCIPAL REGISTER

*The Mark shown in this certificate has been registered in the United States Patent and Trademark Office to the named registrant.*

*The records of the United States Patent and Trademark Office show that an application for registration of the Mark shown in this Certificate was filed in the Office; that the application was examined and determined to be in compliance with the requirements of the law and with the regulations prescribed by the Director of the United States Patent and Trademark Office; and that the Applicant is entitled to registration of the Mark under the Trademark Act of 1946, as Amended.*

*A copy of the Mark and pertinent data from the application are part of this certificate.*

*This registration shall remain in force for TEN (10) years, unless terminated earlier as provided by law, and subject to compliance with the provisions of Section 8 of the Trademark Act of 1946, as Amended.*



*Director of the United States Patent and Trademark Office*

Int. Cl.: 3

Prior U.S. Cls.: 1, 4, 6, 50, 51 and 52

**United States Patent and Trademark Office**

Reg. No. 2,689,921
Registered Feb. 25, 2003

## TRADEMARK
## PRINCIPAL REGISTER



BURBERRY LIMITED (UNITED KINGDOM CORPORATION)
18-22 HAYMARKET
LONDON SW1Y 4DQ, UNITED KINGDOM

FOR: PERFUMES, EAU DE TOILETTES, BODY LOTION; SOAPS; PERSONAL DEODORANTS; EAU DE PARFUMS; AFTERSHAVES; SHAMPOO FOR THE HAIR AND FOR THE BODY; SHOWER GELS; BATH GELS, IN CLASS 3 (U.S. CLS. 1, 4, 6, 50, 51 AND 52).

PRIORITY CLAIMED UNDER SEC. 44(D) ON UNITED KINGDOM APPLICATION NO. 2225922, FILED 3-15-2000, REG. NO. 2225922, DATED 11-9-2001, EXPIRES 3-15-2010.

OWNER OF U.S. REG. NOS. 1,241,222, 2,022,789 AND OTHERS.

THE MARK IS LINED FOR THE COLORS TAN, BLACK, GREY, WHITE AND RED.

THE MARK CONSISTS OF A DESIGN USED IN WHOLE AND IN PART ON OR IN CONNECTION WITH THE GOODS. THE BROKEN LINES IN THE DRAWING SIGNIFY THAT THE MARK IS NOT LIMITED TO POSITION OR PLACEMENT.

SER. NO. 76-197,401, FILED 6-13-2000.

G. MAYERSCHOFF, EXAMINING ATTORNEY

Exhibit J

1201900

# THE UNITED STATES OF AMERICA

## TO ALL TO WHOM THESE PRESENTS; SHALL COME;

UNITED STATES DEPARTMENT OF COMMERCE

United States Patent and Trademark Office

July 27, 2004

THE ATTACHED U.S. TRADEMARK REGISTRATION 2,845,852 IS
CERTIFIED TO BE A TRUE COPY OF THE REGISTRATION ISSUED BY
THE UNITED STATES PATENT AND TRADEMARK OFFICE WHICH
REGISTRATION IS IN FULL FORCE AND EFFECT.

REGISTERED FOR A TERM OF 10 YEARS FROM   May 25, 2004
SAID RECORDS SHOW TITLE TO BE IN:  *Registrant*

By Authority of the
COMMISSIONER OF PATENTS AND TRADEMARKS

P. R. GRANT
Certifying Officer

# The United States of America

## CERTIFICATE OF REGISTRATION
### PRINCIPAL REGISTER

*The Mark shown in this certificate has been registered in the United States Patent and Trademark Office to the named registrant.*

*The records of the United States Patent and Trademark Office show that an application for registration of the Mark shown in this Certificate was filed in the Office; that the application was examined and determined to be in compliance with the requirements of the law and with the regulations prescribed by the Director of the United States Patent and Trademark Office; and that the Applicant is entitled to registration of the Mark under the Trademark Act of 1946, as Amended.*

*A copy of the Mark and pertinent data from the application are part of this certificate.*

*To avoid CANCELLATION of the registration, the owner of the registration must submit a declaration of continued use or excusable non-use between the fifth and sixth years after the registration date. (See next page for more information.) Assuming such a declaration is properly filed, the registration will remain in force for ten (10) years, unless terminated by an order of the Commissioner for Trademarks or a federal court. (See next page for information on maintenance requirements for successive ten-year periods.)*



*Acting Director of the United States Patent and Trademark Office*

Int. Cl.: 9

Prior U.S. Cls.: 21, 23, 26, 36, and 38

Reg. No. 2,845,852

United States Patent and Trademark Office    Registered May 25, 2004

## TRADEMARK
### PRINCIPAL REGISTER



BURBERRY LIMITED (UNITED KINGDOM CORPORATION)
18-22 HAYMARKET
LONDON SW1Y 4DQ, UNITED KINGDOM

FOR: SUNGLASSES, SPECTACLES, OPTICAL GLASSES; FITTED FRAMES AND LENSES FOR THE AFORESAID GOODS; CASES AND HOLDERS FOR THE AFORESAID GOODS; CARRYING CASES AND HOLDERS FOR PORTABLE COMPUTERS AND MOBILE TELEPHONES, IN CLASS 9 (U.S. CLS. 21, 23, 26, 36 AND 38).

FIRST USE 0-0-1987; IN COMMERCE 1-0-1995.

OWNER OF U.S. REG. NOS. 1,241,222, 2,022,789, AND OTHERS.

THE MARK IS LINED FOR THE COLORS TAN, BLACK, GRAY, WHITE AND RED. THE VERTICAL LINES ARE FOR THE COLOR RED. THE DIAGONAL LINES ARE FOR THE COLOR TAN AND THE HORIZONTAL DASHED LINES ARE FOR THE COLOR GRAY.

THE MARK CONSISTS OF A PATTERN APPLIED IN WHOLE OR IN PART ON OR IN CONNECTION WITH THE GOODS. THE BROKEN LINES IN THE PERIMETER SIGNIFY THAT THE MARK IS NOT LIMITED TO POSITION OR PLACEMENT.

SN 76-424,106, FILED 6-20-2002.

G. MAYERSCHOFF, EXAMINING ATTORNEY

**Exhibit K**



# The United States of America

## CERTIFICATE OF RENEWAL

Reg. No. 862,816

Application to renew the above identified registration having been duly filed in the Patent and Trademark Office and there having been compliance with the requirements of the law and with the regulations prescribed by the Commissioner of Patents and Trademarks,

This is to certify that said registration has been renewed in accordance with the Trademark Act of 1946 to    Burberrys Limited, of London, England
A British Corporation

and said registration will remain in force for twenty years from December 31, 1988 unless sooner terminated as provided by law.



In Testimony Whereof I have hereunto set my hand and caused the seal of the Patent and Trademark Office to be affixed this thirteenth day of June, 1989.

Commissioner of Patents and Trademarks



Nº 862816

## THE UNITED STATES OF AMERICA

This is to certify that from the records of the Patent Office it appears that an application was filed in said Office for registration of the Mark shown herein, a copy of said Mark and pertinent data from the Application being annexed hereto and made a part hereof,

And there having been due compliance with the requirements of the law and with the regulations prescribed by the Commissioner of Patents,

Upon examination, it appeared that the applicant was entitled to have said Mark registered under the Trademark Act of 1946, and the said Mark has been duly registered this day in the Patent Office on the

### PRINCIPAL REGISTER

to the registrant named herein.

This registration shall remain in force for Twenty Years unless sooner terminated as provided by law.

In Testimony Whereof I have hereunto set my hand and caused the seal of the Patent Office to be affixed this thirty-first day of December, 1968.

*Edward J Brenner*

COMMISSIONER OF PATENTS

Int. Cl.: 24

Prior U.S. Cl.: 42

United States Patent and Trademark Office

Renewal

Reg. No. 862,816
Registered Dec. 31, 1968
OG Date June 13, 1989

## TRADEMARK
## PRINCIPAL REGISTER



BURBERRYS LIMITED (UNITED KING-
DOM COMPANY)
18/22 HAYMARKET
LONDON, ENGLAND SW1Y 4DQ

OWNER OF GREAT BRITAIN REG.
NO. 901847, DATED 11-21-1966.

APPLICANT DISCLAIMS THE
LETTER "B" APART FROM THE MARK
AS SHOWN.

FOR: TEXTILE PIECE GOODS MADE
OF WOOL, COTTON AND MAN-MADE
FIBRES AND COMBINATIONS THERE-
OF, IN CLASS 42 (INT. CL. 24).

SER. NO. 289,475, FILED 1-24-1968.

*In testimony whereof I have hereunto set my hand
and caused the seal of The Patent and Trademark
Office to be affixed on June 13, 1989.*

COMMISSIONER OF PATENTS AND TRADEMARKS

Exhibit L





## CERTIFICATE OF RENEWAL

Reg. No. 863,179

Application to renew the above identified registration having been duly filed in the Patent and Trademark Office and there having been compliance with the requirements of the law and with the regulations prescribed by the Commissioner of Patents and Trademarks,

This is to certify that said registration has been renewed in accordance with the Trademark Act of 1946 to  Burberrys Limited, of London, Egland
A British Corporation

and said registration will remain in force for twenty years from  January 7, 1989 unless sooner terminated as provided by law.



In Testimony Whereof I have hereunto set my hand and caused the seal of the Patent and Trademark Office to be affixed this thirteenth day of June, 1989.

Commissioner of Patents and Trademarks



Nº   863179

# THE UNITED·STATES OF AMERICA

This is to certify that from the records of the Patent Office it appears that an application was filed in said Office for registration of the Mark shown herein, a copy of said Mark and pertinent data from the Application being annexed hereto and made a part hereof,

And there having been due compliance with the requirements of the law and with the regulations prescribed by the Commissioner of Patents,

Upon examination, it appeared that the applicant was entitled to have said Mark registered under the Trademark Act of 1946, and the said Mark has been duly registered this day in the Patent Office on the

## PRINCIPAL REGISTER

to the registrant named herein.

This registration shall remain in force for Twenty Years unless sooner terminated as provided by law.

In Testimony Whereof I have hereunto set my hand and caused the seal of the Patent Office to be affixed this seventh day of January, 1969.



COMMISSIONER OF PATENTS

Int. Cl.: 25

Prior U.S. Cl.: 39

United States Patent and Trademark Office

Renewal

Reg. No. 863,179
Registered Jan. 7, 1969
OG Date June 13, 1989

## TRADEMARK
## PRINCIPAL REGISTER



BURBERRYS LIMITED (GREAT BRIT-
AIN COMPANY)
18/22 HAYMARKET
LONDON, ENGLAND SW 1

   OWNER OF GREAT BRITAIN REG.
NO. 901844, DATED 11-21-1966.
   OWNER OF U.S. REG. NOS. 93,819,
756,953 AND OTHERS.
   APPLICANT    DISCLAIMS    THE
LETTER "B" APART FROM THE MARK
AS SHOWN.

   FOR: COATS, TOPCOATS, JACKETS,
SUITS,    BREECHES,    TROUSERS,
SLACKS, SHORTS, RIDING HABITS,
WAISTCOATS, [GAITERS, LEGGINGS,]
OVERALLS, SKIRTS, [FUR COATS, FUR

JACKETS,] CAPES, HATS, CAPS, [HEL-
METS,] BONNETS, HOODS, [TOQUES,]
BERETS,    NECKTIES,    STOCKINGS,
SOCKS, BRACES, SUSPENDERS, GAR-
TERS, BELTS, BOOTS, SHOES, SLIP-
PERS,    SANDALS,    [UNDERWEAR,]
GLOVES, SHIRTS,COLLARS, PAJAMAS,
[LINGERIE,] DRESSING GOWNS, CAR-
DIGANS,    SWEATERS,    PULLOVERS,
SCARVES, [CORSETRY, FOUNDATION
GARMENTS, BRASSIERES,] BLOUSES,
[SWIMWEAR,]    BEACH    ROBES,
DRESSES,    SKIWEAR,    [FISHING
WADERS,] AND HANDKERCHIEFS, IN
CLASS 39 (INT. CL. 25).

   SER. NO. 289,474, FILED 1-24-1968.

*In testimony whereof I have hereunto set my hand
and caused the seal of The Patent and Trademark
Office to be affixed on June 13, 1989.*

COMMISSIONER OF PATENTS AND TRADEMARKS

Exhibit M



# The United States of America

Nº 1622186

## CERTIFICATE OF REGISTRATION

This is to certify that the records of the Patent and Trademark Office show that an application was filed in said Office for registration of the Mark shown herein, a copy of said Mark and pertinent data from the Application being annexed hereto and made a part hereof,

And there having been due compliance with the requirements of the law and with the regulations prescribed by the Commissioner of Patents and Trademarks,

Upon examination, it appeared that the applicant was entitled to have said Mark registered under the Trademark Act of 1946, as amended, and the said Mark has been duly registered this day in the Patent and Trademark Office on the

### PRINCIPAL REGISTER

to the registrant named herein.

This registration shall remain in force for TEN years unless sooner terminated as provided by law.



In Testimony Whereof I have hereunto set my hand and caused the seal of the Patent and Trademark Office to be affixed this thirteenth day of November 1990.

*Harry F. Manbeck, Jr.*

Commissioner of Patents and Trademarks



**UNITED STATES DEPAR.  ENT OF COMMERCE**
Patent and Trademark Office
**OFFICE OF ASSISTANT COMMISSIONER FOR TRADEMARKS**
2900 Crystal Drive
Arlington, Virginia    22202-3513

REGISTRATION NO: 1622186     SERIAL NO: 73827768      MAILING DATE: 03/24/2001
REGISTRATION DATE: 11/13/1990
MARK: B PRORSUM AND DESIGN
REGISTRATION OWNER: BURBERRY LIMITED
CORRESPONDENCE ADDRESS:

SUSAN PROGOFF
FISH & NEAVE
1251 AVENUE OF THE AMERICAS
NEW YORK NY  10020

# NOTICE OF ACCEPTANCE
## 15 U.S.C. Sec. 1058(a)(3)

THE COMBINED AFFIDAVIT AND RENEWAL APPLICATION FILED FOR THE ABOVE-
IDENTIFIED REGISTRATION MEETS THE REQUIREMENTS OF SECTION 8 OF THE
TRADEMARK ACT, 15 U.S.C. Sec. 1058.

ACCORDINGLY, THE SECTION 8 AFFIDAVIT IS ACCEPTED.

**********************************************

# NOTICE OF RENEWAL
## 15 U.S.C. Sec. 1059(a)

THE COMBINED AFFIDAVIT AND RENEWAL APPLICATION FILED FOR THE ABOVE-
IDENTIFIED REGISTRATION MEETS THE REQUIREMENTS OF SECTION 9 OF THE
TRADEMARK ACT, 15 U.S.C. Sec. 1058.

ACCORDINGLY, THE REGISTRATION IS RENEWED.

**********************************************

THE REGISTRATION WILL REMAIN IN FORCE FOR CLASS(ES):
009.

EVERETT, PATRICIA
PARALEGAL SPECIALIST
POST-REGISTRATION DIVISION
(703)308-9500

      PLEASE SEE THE REVERSE SIDE OF THIS NOTICE FOR INFORMATION
  CONCERNING REQUIREMENTS FOR MAINTAINING THIS REGISTRATION

TMLT6 :9/99:



Int. Cl.: 9

Prior U.S. Cl.: 26

**United States Patent and Trademark Office**

Reg. No. 1,622,186
Registered Nov. 13, 1990

## TRADEMARK
## PRINCIPAL REGISTER



BURBERRYS LIMITED (UNITED KINGDOM LIMITED LIABILITY COMPANY)
18–22, HAYMARKET
LONDON, ENGLAND SW1Y 4DQ

FOR: SUNGLASSES, GOGGLES FOR PROTECTION AGAINST GLARE BY THE SUN; SPECTACLES; FRAMES AND LENSES, IN CLASS 9 (U.S. CL. 26).

OWNER OF UNITED KINGDOM REG. NO. 1263735, DATED 4–1–1986, EXPIRES 4–1–1993.

OWNER OF U.S. REG. NOS. 756,953, 1,473,413 AND OTHERS.

THE ENGLISH TRANSLATION OF THE WORD "PRORSUM" IN THE MARK IS "FORWARDS".

SER. NO. 73–827,768, FILED 7–24–1989.

KATHERINE STOIDES, EXAMINING ATTORNEY

Exhibit N



# CERTIFICATE OF REGISTRATION
## PRINCIPAL REGISTER

The Mark shown in this certificate has been registered in the United States Patent and Trademark Office to the named registrant.

The records of the United States Patent and Trademark Office show that an application for registration of the Mark shown in this Certificate was filed in the Office; that the application was examined and determined to be in compliance with the requirements of the law and with the regulations prescribed by the Director of the United States Patent and Trademark Office; and that the Applicant is entitled to registration of the Mark under the Trademark Act of 1946, as Amended.

A copy of the Mark and pertinent data from the application are part of this certificate.

This registration shall remain in force for TEN (10) years, unless terminated earlier as provided by law, and subject to compliance with the provisions of Section 8 of the Trademark Act of 1946, as Amended.



*Nicholas P. Godici*

Acting Director of the United States Patent and Trademark Office

## Requirements for Maintaining a
## Federal Trademark Registration

## SECTION 8: AFFIDAVIT OF CONTINUED USE

The registration shall remain in force for 10 years, except that the registration shall be canceled for failure to file an Affidavit of Continued Use under Section 8 of the Trademark Act, 15 U.S.C. §1058, upon the expiration of the following time periods:
   i) At the end of 6 years following the date of registration.
   ii) At the end of each successive 10-year period following the date of registration.

*Failure to file a proper Section 8 Affidavit at the appropriate time will result in the cancellation of the registration.*

## SECTION 9: APPLICATION FOR RENEWAL

The registration shall remain in force for 10 years, subject to the provisions of Section 8, except that the registration shall expire for failure to file an Application for Renewal under Section 9 of the Trademark Act, 15 U.S.C. §1059, at the end of each successive 10-year period following the date of registration.

*Failure to file a proper Application for Renewal at the appropriate time will result in the expiration of the registration.*

No further notice or reminder of these requirements will be sent to the Registrant by the Patent and Trademark Office. It is recommended that the Registrant contact the Patent and Trademark Office approximately one year before the expiration of the time periods shown above to determine the requirements and fees for the filings required to maintain the registration.

Int. Cls.: 3 and 18

Prior U.S. Cls.: 1, 2, 3, 4, 6, 22, 41, 50, 51 and 52

Reg. No. 2,512,119

United States Patent and Trademark Office

Registered Nov. 27, 2001

# TRADEMARK
## PRINCIPAL REGISTER



BURBERRY LIMITED (UNITED KINGDOM CORPORATION)
18-22 HAYMARKET
LONDON SW1Y 4DQ, UNITED KINGDOM

FOR: NON-MEDICATED TOILET PREPARA-TIONS, NAMELY, PERFUMES, EAU DE COLOGNE, AND TOILET WATER, ESSENTIAL OILS FOR PER-SONAL USE, COSMETIC PREPARATIONS FOR THE TEETH AND FOR THE HAIR, NAMELY, TOOTH-PASTES, SHAMPOOS, CONDITIONERS, HAIR SPRAYS, HAIR GELS, SOAPS FOR THE BODY, SHOWER GELS AND BATH GELS, AND BATH FOAMS; ANTIPERSPIRANTS AND DEODORANTS; SHAVING PREPARATIONS AND POT POURRI, IN CLASS 3 (U.S. CLS. 1, 4, 6, 50, 51 AND 52).

FOR: ARTICLES OF LUGGAGE, NAMELY, SUIT-CASES, ATHLETIC AND SPORT BAGS, BEACH BAGS, CARRY-ON BAGS, CLUTCH BAGS, DUFFEL AND GYM BAGS, OVERNIGHT BAGS, SCHOOL BOOK BAGS, SHOULDER BAGS, TOTE BAGS, GARMENT BAGS FOR TRAVEL, CARRYALL BAGS, TRAVELING BAGS, HAND BAGS, LEATHER BAGS FOR COMPUTERS AND CAMERAS; WAL-LETS AND PURSES; TOILETRY BAGS SOLD EMP-TY AND COSMETIC BAGS SOLD EMPTY; BRIEF CASES, SATCHELS AND PORTFOLIOS; CASES FOR PERSONAL ORGANIZERS AND FOR MOBILE TEL-EPHONES; PARASOLS, UMBRELLAS, WALKING STICKS; LEATHER KEY FOBS, LEATHER KEY HOLDERS, AND DOG COATS, IN CLASS 18 (U.S. CLS. 1, 2, 3, 22 AND 41).

PRIORITY CLAIMED UNDER SEC. 44(D) ON UNITED KINGDOM APPLICATION NO. 2225878, FILED 3-15-2000, REG. NO. 2225878, DATED 3-15-2000. EXPIRES 3-15-2010.

OWNER OF U.S. REG. NOS. 93,819, 1,903,508 AND OTHERS.

SER. NO. 76-069,307, FILED 6-13-2000.

G. MAYERSCHOFF, EXAMINING ATTORNEY