UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

BURBERRY LIMITED and BURBERRY USA,

        Plaintiffs,

v.

DESIGNERS IMPORTS, INC. d/b/a
DESIGNERS IMPORTS.COM USA, INC.,

        Defendant.

07 Civ. 3997 (PAC)

**AMENDED COMPLAINT**
**(Jury Trial Demanded)**

RECEIVED
JUN 0 5 2007

---

Plaintiffs Burberry Limited and Burberry USA ("Burberry" or "Plaintiffs") complain and allege against Defendant Designers Imports, Inc. d/b/a Designers Imports.com USA, Inc. ("Designers Imports" or "Defendant") as follows:

## INTRODUCTION

1. In this Complaint, Burberry seeks injunctive relief and damages pursuant to Sections 32, 43(a) and 43(c) of the Lanham Act, 15 U.S.C. §§ 1114, 1125(a) and (c), Sections 349 and 360-1 of the New York General Business Law, and the common law of the State of New York.

2. Defendant has, on multiple occasions, offered purportedly authentic discount Burberry merchandise on its website, www.designersimports.com, that is in fact counterfeit and/or otherwise infringes upon Burberry's rights.

3. For approximately a century, Burberry has devoted substantial resources to promoting the goodwill of its principal trademarks, including its BURBERRY® name, BURBERRY CHECK and the Burberry equestrian knight on horseback (the "EQUESTRIAN

KNIGHT DEVICE") (collectively, the "Burberry Trademarks"), for a broad variety of goods, including but not limited to wearing apparel, so that these trademarks have become among the most famous marks in this country for such products. Attempting to capitalize on this fame, Designers Imports has sold what it claims is discount authentic Burberry coats, jackets, shirts and other apparel. This merchandise, however, is not authentic. In addition, Defendant's merchandise and packaging displays marks identical to the Burberry Trademarks.

4. Defendant's misuse of Burberry's marks on counterfeit products has significantly injured Burberry's reputation and goodwill, and has diluted the distinctiveness of the famous Burberry Trademarks. Unless enjoined, Defendant's conduct will continue to injure both Burberry and the public.

5. Defendant's misuse of Burberry's marks on counterfeit products also violates the settlement agreement signed by the parties regarding a previous conflict over Defendant's sale of counterfeit merchandise in 2005. This settlement agreement fully preserves Burberry's rights to sue Defendant for any alleged violations of the Lanham Act and all other applicable laws.

## JURISDICTION AND VENUE

6. This action is based on Section 32(1)(a) of the Lanham Act, 15 U.S.C. § 1114, Sections 43(a) and (c) of the Lanham Act, 15 U.S.C. §§ 1125(a) and (c), Sections 349 and 360-l of the New York General Business Law, and the common law of the State of New York.

7. This Court has jurisdiction over the subject matter of this action pursuant to Section 39 of the Lanham Act, 15 U.S.C. § 1121, and 28 U.S.C. §§ 1331 and 1338, and has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

8. Upon information and belief, Defendant resides in this district and a substantial part of the events giving rise to this action occurred in this district. Venue in the Court is therefore proper under 28 U.S.C. §§ 1391(b) and (c).

## THE PARTIES

9. Plaintiff Burberry Limited is a corporation duly organized and existing under the laws of the United Kingdom with a principal place of business at 18-22 Haymarket, SW1Y 4DQ, United Kingdom.

10. Plaintiff Burberry USA, a sister company of Plaintiff Burberry Limited, is located at 1350 Avenue of the Americas, New York, New York 10019. Burberry USA manages the trademarks owned by Burberry Limited in North America, including the Burberry Trademarks.

11. Upon information and belief, Defendant Designers Imports, Inc. d/b/a Designers Imports.com USA, Inc. is a New York corporation located at 11 Lake Street, No. 201, Monroe, New York 10950 and/or 1117 Route 17M, Suite 2, Monroe, New York 10950. Defendant sells apparel and accessories online at discounted prices.

## BACKGROUND

### A.  Plaintiffs' Famous Trademarks and Products

12. Plaintiffs' predecessor in interest, Mr. Thomas Burberry, opened an outfitters shop in Hampshire, United Kingdom, over 150 years ago, in 1856. The BURBERRY® name has been used in commerce continuously since that time.

13. The BURBERRY CHECK trademark -- a distinctive red, camel, black and white check pattern -- was introduced by Mr. Burberry's company in the 1920's and has been used on various products over the years, including handbags, clothing, luggage, umbrellas and other items. A photograph showing the BURBERRY CHECK is attached hereto as Exhibit A.

14. The BURBERRY CHECK has been continuously used in both the original colors and other color combinations for over three-quarters of a century.

15. The EQUESTRIAN KNIGHT DEVICE, as shown in the attached Exhibit B, was introduced by Mr. Burberry's company and has been used on numerous products for approximately a century since its introduction.

16. Burberry is responsible for designing and/or licensing, assembling, finishing, marketing and selling in interstate commerce high quality handbags, clothes, footwear, scarves, luggage, watches, eyeglasses, sunglasses, jewelry, cosmetics, writing instruments and many other products.

17. Burberry's merchandise is sold in high-end department stores, luxury boutiques, BURBERRY® stores, online at Burberry.com and other authorized retail establishments.

18. Burberry is the exclusive distributor or licensor in the United States of Burberry merchandise that bears the Burberry Trademarks. The Burberry Trademarks have thus been used by Burberry on, and in connection with, the advertising and sale of Burberry's products, including coats, jackets and shirts, in interstate and intrastate commerce, including commerce in the State of New York and in this judicial district. Burberry owns numerous federal registrations for the Burberry Trademarks, as listed in Exhibit C. Copies of the records showing these registrations with the U.S. Patent and Trademark Office ("PTO") are attached as Exhibits D-N.

19. These registrations for the Burberry Trademarks are in full force and effect and many have become incontestable pursuant to 15 U.S.C. § 1065.

20. Burberry has used the Burberry Trademarks for many years on and in connection with BURBERRY® merchandise.

21. The Burberry Trademarks identify high quality products originating with Burberry. Burberry has expended millions of dollars in advertising BURBERRY® products and has made substantial investments in protecting its marks and logos.

4

### B. Defendant's Unlawful Use of the Burberry Trademarks.

22. Long after Burberry's adoption, use and federal registration of the Burberry Trademarks, Defendant, upon information and belief, began to offer for sale, and/or sell, wearing apparel and other products bearing counterfeit reproductions of the Burberry Trademarks.

23. Upon information and belief, Defendant has advertised and promoted as authentic merchandise that is, in fact, counterfeit and that bears marks nearly identical to the Burberry Trademarks. Moreover, Defendant has offered for sale and has profited from counterfeit merchandise that bears marks identical to the Burberry Trademarks. Specifically, Defendant has advertised, promoted, offered for sale and sold coats, shirts and jackets that are purportedly authentic Burberry merchandise, but that are, in fact, counterfeit. Upon information and belief, Defendant and its principal, Asher Horowitz, have attempted to import merchandise such as vinyl tote bags or handbags that violate Burberry's trademark rights, and that U.S. Customs and Border Protection has deemed infringing.

24. In addition, upon information and belief, Defendant has offered for sale, sold and advertised such counterfeit apparel through its online store, located at www.designersimports.com. Upon information and belief, Defendant has repeatedly engaged in this conduct over a significant period of time.

25. Defendant entered into a settlement agreement ("the Agreement") signed by Burberry Limited on April 12, 2005, in a matter involving other counterfeit BURBERRY® merchandise sold by Defendant. As indicated above, this agreement fully preserves Burberry's rights to sue Defendant for violating Burberry's trademark rights.

26. In addition, breach of the above-mentioned Agreement subjects the Defendant to liquidated damages of $1500.00 per day.

## COUNT ONE
## TRADEMARK COUNTERFEITING
## UNDER SECTION 32 OF THE LANHAM ACT

27. Burberry hereby incorporates by reference and realleges each and every allegation of Paragraphs 1 through 26 above.

28. Defendant has offered for sale and/or sold merchandise displaying spurious designations that are identical to, or substantially indistinguishable from, Plaintiffs' Burberry Trademarks on goods for which the Burberry Trademarks are registered, including coats, jackets and shirts. Defendant has used these spurious designations in connection with the advertising, sale, offering for sale and distribution of goods for its own personal financial gain.

29. Burberry has not authorized Defendant's use of the Burberry Trademarks to advertise, offer for sale, sell and distribute Defendant's counterfeit products.

30. Defendant's unauthorized advertising, offering for sale and sale of counterfeit goods that use the Burberry Trademarks constitute Defendant's use of Plaintiffs' registered Burberry Trademarks in commerce.

31. Defendant's unauthorized use of the Burberry Trademarks is likely to:

   (a) cause confusion, mistake and deception;

   (b) cause the public to believe that Defendant's counterfeit products are authorized, sponsored or approved by Plaintiffs or that Defendant is affiliated, connected or associated with or in some way related to Plaintiffs; and

   (c) result in Defendant unfairly benefiting from Plaintiffs' goodwill and reputation, to the substantial and irreparable injury of the public, Plaintiffs and the Burberry Trademarks and the substantial goodwill represented thereby.

32. Defendant's acts as described in this Complaint constitute trademark counterfeiting in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

33.    Defendant's acts have caused and will continue to cause irreparable injury to Plaintiffs. Plaintiffs have no adequate remedy at law and are thus damaged in an amount not yet determined.

## COUNT TWO
## INFRINGEMENT OF REGISTERED TRADEMARKS
## UNDER SECTION 32 OF THE LANHAM ACT

34.    Burberry hereby incorporates by reference and realleges each and every allegation of Paragraphs 1 through 33 above.

35.    Section 32(1)(a) of the Lanham Act, 15 U.S.C. § 1114(1)(a), prohibits any person from using in commerce, without the consent of the registrant:

> any reproduction, counterfeit, copy, or colorable imitation of a registered mark in connection with the sale, offering for sale, distribution, or advertising of any goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive....

36.    The Burberry Trademarks are federally-registered. These marks are fanciful and arbitrary and are associated in the mind of the public uniquely with Plaintiffs.

37.    Based on Burberry's extensive advertising, sales and the popularity of its high quality products, the Burberry Trademarks have also acquired secondary meaning so that the public associates these trademarks exclusively with Burberry.

38.    Defendant uses the Burberry Trademarks in U.S. commerce in connection with Defendant's sale, distribution and advertising of its counterfeit goods, despite the fact that they are the exclusive property of Plaintiffs.

39.    Defendant has intentionally used Plaintiffs' registered trademarks without Burberry's consent or authorization. Defendant's use, including in the sale and distribution of infringing products in interstate commerce, is likely to cause confusion and/or mistake in the minds of the public, leading the public to believe that Defendant's products emanate or originate

7

from Plaintiffs, or that Plaintiffs have approved, sponsored or otherwise associated themselves with Defendant or its counterfeit products bearing the Burberry Trademarks.

40. Defendant's unauthorized use of the Burberry Trademarks as set forth above has resulted in Defendant unfairly benefiting from Plaintiffs' advertising and promotion and from the Burberry Trademarks, all to the substantial and irreparable injury of the public, Plaintiffs and the Burberry Trademarks and the substantial goodwill represented thereby.

41. Defendant's acts have caused and will continue to cause irreparable injury to Plaintiffs. Plaintiffs have no adequate remedy at law and are thus damaged in an amount not yet determined.

## COUNT THREE
## FALSE DESIGNATION OF ORIGIN, TRADE NAME, INFRINGEMENT, AND FALSE DESCRIPTION AND REPRESENTATION UNDER SECTION 43(a) OF THE LANHAM ACT

42. Burberry hereby incorporates by reference and realleges each and every allegation of Paragraphs 1 through 41 above.

43. Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), provides that:

> Any person who, on or in connection with any goods or services, . . . uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which
>
> > (1) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person, or (2) in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities, . . .
>
> shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.

44.     By making unauthorized use, in interstate commerce, of the Burberry Trademarks, Defendant has used a "false designation of origin" that is likely to cause confusion, mistake or deception as to the affiliation or connection of Defendant with Burberry and as to the sponsorship or approval of Defendant's services by Burberry, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

45.     Defendant has used, in connection with its sale of goods, false designations of origin and false and misleading descriptions and representations, including the Burberry Trademarks, which tend falsely to describe the origin, sponsorship, association or approval by Plaintiffs of the counterfeit goods sold by Defendant.

46.     Defendant's sale of counterfeit goods, which make use of one or more of the Burberry Trademarks, causes confusion and mistake, deceives and misleads the purchasing public, trades upon Burberry's high quality reputation, and improperly appropriates to Defendant the valuable trademark rights of Plaintiffs.

47.     Defendant's acts constitute the use in commerce of false designations of origin and false and/or misleading descriptions or representations, tending to describe and/or represent, in a false or misleading fashion, Defendant's products as those of Plaintiffs in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

48.     Defendant's wrongful acts will continue unless enjoined by this Court.

49.     Defendant's acts have caused and will continue to cause irreparable injury to Plaintiffs. Plaintiffs have no adequate remedy at law and are thus damaged in an amount not yet determined.

## COUNT FOUR
## DILUTION UNDER
## SECTION 43(c) OF THE LANHAM ACT

50.     Burberry hereby incorporates by reference and realleges each and every allegation of Paragraphs 1 through 49 above.

51.     Plaintiffs are the exclusive owners of the Burberry Trademarks nationwide.

52.     Plaintiffs' Burberry Trademarks are famous and distinctive within the meaning of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

53.     The BURBERRY® mark, and BURBERRY CHECK and EQUESTRIAN KNIGHT DEVICE shown as Exhibits A and B hereto, are all inherently distinctive marks that have been in use for many years nationwide and play a prominent role in Plaintiffs' marketing, advertising and the popularity of their products across many different media. These marks became famous since long before Defendant began using confusingly similar marks on counterfeit merchandise in interstate commerce on its Internet site. Burberry's trademarks have garnered widespread publicity and public recognition in New York and elsewhere nationwide. To enhance its rights further, Burberry has obtained several federal registrations, entitling it to nationwide rights in the BURBERRY® mark, BURBERRY CHECK and EQUESTRIAN KNIGHT DEVICE.

54.     Defendant's sale of counterfeit goods that use the Burberry Trademarks constitutes commercial use in commerce of the Burberry Trademarks. Burberry has not authorized or licensed this use.

55.     Consumers are likely to purchase Defendant's counterfeit products in the erroneous belief that Defendant is associated with, sponsored by or affiliated with Burberry, or that Burberry is the source of those products. Defendant's use of the Burberry Trademarks actually dilutes, or is likely to dilute, the distinctive quality of those marks and lessens the

10

capacity of the Burberry Trademarks to identify and distinguish Burberry's goods. Defendant's unlawful use of the Burberry Trademarks in connection with inferior, counterfeit goods also tarnishes the Burberry Trademarks and causes blurring in the minds of consumers between Burberry and Defendant, as well as between Burberry and the counterfeit goods, thereby lessening the value of the Burberry Trademarks as unique identifiers of BURBERRY® products.

56. By the acts described in Paragraphs 1 through 55, Defendant has intentionally and willfully diluted, or is likely to dilute, the distinctive quality of the famous Burberry Trademarks in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

57. Defendant's wrongful acts will continue unless enjoined by this Court.

58. Defendant's acts have caused and will continue to cause irreparable injury to the Plaintiffs. Plaintiffs have no adequate remedy at law and are thus damaged in an amount not yet determined.

### COUNT FIVE
### DECEPTIVE ACTS AND PRACTICES UNDER
### SECTION 349 OF NEW YORK GENERAL BUSINESS LAW

59. Burberry hereby incorporates by reference and realleges each and every allegation of Paragraphs 1 through 58 above.

60. Through its advertisement, offering for sale and/or sale of counterfeit products bearing the Burberry Trademarks, Defendant has engaged in consumer-oriented conduct that has adversely affected the public interest of New York and has resulted in injury to consumers in New York.

61. Defendant's deceptive acts or practices, as described in the paragraph above, are materially misleading. Upon information and belief, these acts or practices have deceived or have a tendency to deceive a material segment of the public to whom Defendant has directed its marketing activities, and both the public and Burberry have been injured thereby.

62. By the acts described in Paragraphs 1 through 61, Defendant has willfully engaged in deceptive acts or practices in the conduct of business and furnishing of services in violation of Section 349 of the New York General Business Law.

63. Defendant's acts have caused and will continue to cause irreparable injury to Plaintiffs. Plaintiffs have no adequate remedy at law and are thus damaged in an amount not yet determined.

## COUNT SIX
## DILUTION AND LIKELIHOOD OF INJURY
## TO BUSINESS REPUTATION UNDER
## SECTION 360-l OF NEW YORK GENERAL BUSINESS LAW

64. Burberry hereby incorporates by reference and realleges each and every allegation of Paragraphs 1 through 63 above.

65. Plaintiffs are the exclusive owners of the Burberry Trademarks nationwide, including in New York.

66. Through prominent, long and continuous use in commerce, including commerce within New York, Plaintiffs' Burberry Trademarks have become and continue to be famous and distinctive, since long before Defendant's sale and/or offering for sale of the counterfeit merchandise at issue here.

67. Consumers are likely to purchase Defendant's counterfeit products in the erroneous belief that Defendant is associated with, sponsored by, or affiliated with Burberry, or that Burberry is the source of those products. Defendant's use of the Burberry Trademarks dilutes the distinctive quality of those marks and lessens the capacity of such marks to identify and distinguish Burberry's goods. Defendant's unlawful use of the Burberry Trademarks in connection with inferior, counterfeit goods also tarnishes the Burberry Trademarks and causes

blurring in the minds of consumers between Burberry and the Defendant, thereby lessening the value of the Burberry Trademarks as unique identifiers of BURBERRY® products.

68. By the acts described in Paragraphs 1 through 67, Defendant has diluted the distinctiveness of Plaintiffs' marks and caused a likelihood of harm to Plaintiffs' business reputation in violation of Section 360-l of the New York General Business Law.

69. Defendant's wrongful acts will continue unless enjoined by this Court.

70. Defendant's acts have caused and will continue to cause irreparable injury to Plaintiffs. Plaintiffs have no adequate remedy at law and are thus damaged in an amount not yet determined.

## COUNT SEVEN - TRADEMARK INFRINGEMENT UNDER COMMON LAW

71. Burberry hereby incorporates by reference and realleges each and every allegation of Paragraphs 1 through 70 above.

72. Plaintiffs own all right, title and interest in and to the Burberry Trademarks as described above, including all common law rights in such marks.

73. The counterfeit products sold by Defendant incorporate imitations of Plaintiffs' common law trademarks. Such unauthorized use by Defendant of Plaintiffs' common law trademarks constitutes trademark infringement and is likely to cause confusion and mistake in the minds of the trade and the purchasing public as to the source of the products and to cause purchasers mistakenly to believe that such products are Burberry's authentic goods, or that Burberry endorsed, licensed or sponsored those goods.

74. Upon information and belief, Defendant has appropriated one or more of Burberry's common law trademarks, causing confusion, mistake, and deception as to the source

of its goods. Defendant "palms off" its goods as those of Burberry, improperly trading upon Burberry's goodwill and Burberry's valuable rights in and to the Burberry Trademarks.

75. Upon information and belief, Defendant committed the above alleged acts willfully, in bad faith, and in conscious disregard of Plaintiffs' rights, and Plaintiffs are therefore entitled to exemplary and punitive damages pursuant to the common law of the State of New York in an amount sufficient to punish, deter and make an example of Defendant.

76. By the acts described in Paragraphs 1 through 75, Defendant has engaged in trademark infringement in violation of the common law of the State of New York.

77. Defendant's acts have caused and will continue to cause irreparable injury to Plaintiffs. Plaintiffs have no adequate remedy at law and are thus damaged in an amount not yet determined.

## COUNT EIGHT
## UNFAIR COMPETITION UNDER COMMON LAW

78. Burberry hereby incorporates by reference and realleges each and every allegation of Paragraphs 1 through 77 above.

79. Defendant palms off its goods as those of Burberry, improperly trading upon Burberry's goodwill and Burberry's valuable rights in and to the Burberry Trademarks. Consumers are mistakenly led to believe that Burberry is the source of Defendant's goods or that Defendant endorsed, licensed or is otherwise affiliated with Burberry.

80. Upon information and belief, Defendant committed the above alleged acts willfully, in bad faith and in conscious disregard of Burberry's rights, and Burberry is therefore entitled to exemplary and punitive damages pursuant to the common law of the State of New York in an amount sufficient to punish, deter and make an example of Defendant.

81. By the acts described in Paragraphs 1 through 80 above, Defendant has engaged in unfair competition in violation of the common law of the State of New York.

82. Defendant's acts have caused and will continue to cause irreparable injury to Plaintiffs. Plaintiffs have no adequate remedy at law and are thus damaged in an amount not yet determined.

## COUNT NINE
## BREACH OF CONTRACT UNDER COMMON LAW

83. Burberry hereby incorporates by reference and realleges each and every allegation of Paragraphs 1 through 82 above.

84. As stated above, the parties entered into an Agreement in resolution of an earlier conflict involving Defendant's sale of counterfeit BURBERRY® merchandise. That Agreement was signed by Burberry Limited on April 12, 2005, and was subsequently amended. The Agreement both authorizes Burberry to sue for breach and preserves Burberry's rights to bring an action under all applicable trademark laws. Defendant is subject to $1500.00 per day in liquidated damages upon breach.

85. The Agreement between the parties is a valid contract, supported by adequate consideration. Burberry has performed its obligations under the contract.

86. By selling counterfeit merchandise and infringing Burberry's rights, Defendant has breached the Agreement under New York common law, thereby injuring Burberry. Defendant is therefore liable for injunctive relief and liquidated damages in the amount of $1500.00 per day.

## COUNT TEN -
## UNJUST ENRICHMENT UNDER COMMON LAW

87. Burberry hereby incorporates by reference and realleges each and every allegation of Paragraphs 1 through 86 above.

88. Upon information and belief, Defendant has been and will continue to be unjustly enriched as the result of its unauthorized sales of wearing apparel displaying the Burberry Trademarks, thereby depriving Burberry of revenues it rightfully should receive by virtue of its famous trademarks.

89. By the acts described in Paragraphs 1 through 88 above, Defendant has retained revenues to which it is not equitably or legally entitled, and is thereby unjustly enriched at Burberry's expense, in violation of the common law of the State of New York.

90. Defendant's acts have caused and will continue to cause irreparable injury to Plaintiffs. Plaintiffs have no adequate remedy at law and are thus damaged in an amount not yet determined.

WHEREFORE, Burberry prays:

A. For judgment that:

   (i) Defendant has violated Section 32(a) of the Lanham Act, 15 U.S.C. § 1114(a);

   (ii) Defendant has violated Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a);

   (iii) Defendant has violated Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c);

   (iv) Defendant has engaged in deceptive acts and practices under Section 349 of the New York General Business Law;

(v) Defendant has diluted Burberry's marks and caused a likelihood of injury to Plaintiffs' business reputation in violation of Section 360-l of the New York General Business Law;

(vi) Defendant has engaged in trademark infringement under the common law of New York;

(vii) Defendant has engaged in unfair competition in violation of the common law of New York;

(viii) Defendant has committed a breach of contract under the common law of New York; and

(ix) Defendant has been unjustly enriched in violation of New York common law.

B. That a preliminary and permanent injunction be issued enjoining and restraining Defendant and its officers, agents, servants, employees and attorneys and all those in active concert or participation with them, from:

(1) Using any reproduction, counterfeit, copy or colorable imitation of the Burberry Trademarks to identify any goods not authorized by Burberry;

(2) Engaging in any course of conduct likely to cause confusion, deception or mistake, or to injure Burberry's business reputation or dilute the distinctive quality of the Burberry Trademarks;

(3) Using a false description or representation including words or other symbols tending falsely to describe or represent Defendant's unauthorized goods as being those of Burberry or sponsored by or associated with Burberry and from offering such goods into commerce;

(4) Further infringing the Burberry Trademarks by distributing, circulating, selling, marketing, offering for sale, advertising, promoting, renting, displaying or otherwise disposing of any products not authorized by Burberry bearing any simulation, reproduction, counterfeit, copy or colorable imitation of the Burberry Trademarks;

(5) Using any simulation, reproduction, counterfeit, copy or colorable imitation of the Burberry Trademarks in connection with the promotion, advertisement, display, sale, offering for sale, circulation or distribution of any unauthorized products in such fashion as to relate or connect, or tend to relate or connect, such products in any way to Burberry, or to any goods sold, manufactured, sponsored or approved by, or connected with Burberry;

17

(6) Making any statement or representation whatsoever, or using any false designation of origin or false description, or performing any act, which can or is likely to lead the trade or public, or individual members thereof, to believe that any products distributed, or sold by Defendant are in any manner associated or connected with Burberry, or are sold, manufactured, licensed, sponsored, approved or authorized by Burberry;

(7) Constituting an infringement of any of the Burberry Trademarks or of Burberry's rights in said trademarks, or to using or exploiting said trademarks, or constituting any dilution of Plaintiffs' Burberry Trademarks;

(8) Secreting, destroying, altering, removing, or otherwise dealing with the unauthorized products or any books or records that contain any information relating to the importing, manufacturing, producing, distributing, circulating, selling, marketing, offering for sale, advertising, promoting, renting or displaying of all unauthorized products that infringe the Burberry Trademarks; and

(9) Effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in subparagraphs (1) through (8).

C. That an order be issued directing Defendant to deliver up for destruction to Burberry or its designated agent all unauthorized products and advertisements in its possession or under its control bearing any of the Burberry Trademarks or any simulation, reproduction, counterfeit, copy or colorable imitation thereof pursuant to 15 U.S.C. § 1118, and directing Defendant to remove from its website, www.designersimports.com, all references to counterfeit Burberry products.

D. That an order be issued directing such other relief as the Court may deem appropriate to prevent the trade and public from deriving any erroneous impression that any products manufactured, sold or otherwise circulated or promoted by Defendant are authorized by Burberry or related in any way to Burberry's products.

E. For an assessment of the following profits, damages and fees: (i) damages suffered by Burberry, trebled, including an award for all profits that Defendant has derived while

using the Burberry Trademarks, trebled, as well as costs and attorney's fees to the full extent provided for by Section 35 of the Lanham Act, 15 U.S.C. § 1117; (ii) alternatively, that Plaintiffs be awarded statutory damages pursuant to 15 U.S.C. § 1117(c) of up to $1,000,000 for each trademark that Defendant has counterfeited and infringed; (iii) profits, damages and fees, to the full extent available, pursuant to Sections 349 and 360-l of the New York General Business Law; (iv) actual and punitive damages to the full extent available under the common law; and (v) $1500.00 per day since the date of breach for Burberry's common law breach of contract claim.

F.   For an order requiring Defendant to disseminate corrective advertisements, including on its website, www.designersimports.com, in a form approved by the Court, to acknowledge its violations of the law hereunder, and to ameliorate the false and deceptive impressions produced by such violations.

G.   For costs of suit, and for such other and further relief as the Court shall deem appropriate.

ARNOLD & PORTER LLP

By: _____
Anthony Boccanfuso (AB 5403)
399 Park Avenue
New York, New York  10022-4690
(212) 715-1000

Roberta L. Horton
Michael Allan
(*pending pro hac vice*)
555 Twelfth Street, N.W.
Washington, D.C.  20004
(202) 942-5000

*Counsel for Plaintiffs*

Dated: New York, New York
       June 4, 2007

## DEMAND FOR TRIAL BY JURY

PLEASE TAKE NOTICE that Plaintiffs, pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, hereby demand trial by jury for all issues so triable.

Dated: New York, New York
June 4, 2007

                                        Respectfully submitted,

                                        **ARNOLD & PORTER LLP**

By: _____
Anthony D. Boccanfuso (AB 5403)
399 Park Avenue
New York, New York 10022-4690
(212) 715-1000

Roberta L. Horton
Michael J. Allan
*(pending pro hac vice)*
555 Twelfth Street, N.W.
Washington, D.C. 20004
(202) 942-5000

*Counsel for Plaintiffs*