USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: JAN 2 5 2008

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------- x

    BURBERRY LIMITED and BURBERRY USA,    :    Civil Action No. 07-cv-3997 (PAC)

            Plaintiffs,    :

         v.    :

    DESIGNERS IMPORTS, INC. d/b/a    :
    DESIGNERS IMPORTS.COM USA, INC.,    :

            Defendants.    :

-------------------------------------------------------- x

## STIPULATED PROTECTIVE ORDER

WHEREAS, the Court having found that the parties are engaged in discovery which involves the production or disclosure of confidential or proprietary business information and trade secrets, which should otherwise remain confidential and the private property and information of the parties;

WHEREAS, the parties have proposed the following terms and conditions to protect the parties and third parties from annoyance, oppression, or undue burden or expense;

WHEREAS, good cause has been shown for the entry of a protective order, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure;

It is hereby ORDERED that the following procedure shall be adopted for the protection of confidential and proprietary information:

1.    This Protective Order shall govern the use and dissemination of all information, documents or materials that are produced in this action and designated as Confidential or Highly Confidential.

2.      The term "document" or "documents," as used in this Protective Order, shall have the same meaning as contemplated by the Federal Rules of Civil Procedure.

3.      The term "Trade Secret," as used in this Protective Order, is defined to include (a) information, documents, or materials not in the public domain that are so proprietary or competitively sensitive that their public disclosure is likely to cause competitive injury or (b) matters that constitute or contain trade secrets pursuant to applicable law.

## CONFIDENTIAL INFORMATION

4.      Any party to this action or other person or entity, including any third party, who produces or supplies information, documents or other materials used in this action (hereinafter the "Designating Party" or the "Producing Party") may designate as "Confidential" any such information, document, or material that it reasonably and in good faith believes constitutes or contains Trade Secret information, personal information, information protected from disclosure by contractual obligations with third-party vendors, or is otherwise protectable under applicable law.  The designation "Confidential" shall be made by affixing on the document or material containing such information, and upon each page so designated if practicable, a legend that in substance states: **"CONFIDENTIAL."**

5.      Depositions may be designated Confidential by indicating that fact on the record at the deposition.  If a Designating Party has advised the court reporter that Confidential information has been disclosed during a deposition, the court reporter shall include on the cover page the following indication: **"DEPOSITION CONTAINS CONFIDENTIAL INFORMATION OF [NAME OF DESIGNATING PARTY] - SUBJECT TO PROTECTIVE ORDER IN BURBERRY LTD. v. DESIGNERS IMPORTS, INC., CIVIL ACTION NO. 07 CV 3997 (PAC)."**  Within fifteen (15) business days of receipt of the initial

deposition transcript, the Designating Party shall advise the court reporter and opposing counsel of the specific pages and lines in which Confidential information appears. The court reporter shall supplement the transcript to mark the specific pages and lines designated as Confidential and amend the cover page to reflect that these specific designations have been made. Counsel for the opposing party may have immediate access to the deposition transcript, but prior to the page and line designations, shall treat the entire transcript as Confidential, if so designated at the deposition.

6.      Confidential information used in this litigation may be disclosed only to:

(a)     The Court, its officers, and staff;

(b)     Outside counsel of record and in-house counsel of parties involved in this litigation (including all paralegal assistants, stenographic and clerical employees working under the direct supervision of such counsel);

(c)     Any independent consultant, investigator, or expert not employed by a Party (collectively, "Expert") who is expressly retained or sought to be retained by any attorney described in Paragraph 6(b) to assist in preparation of this action for trial, with disclosure only to the extent reasonably necessary to enable such Expert to render such assistance;

(d)     A deponent, but only during the course of his or her deposition, so long as the deponent is an employee of the Designating Party and a representative of the non-disclosing party is not in attendance at the time the confidential information is disclosed; and

(e)     A court reporter and a videographer.

7.      If a party wishes to disclose Confidential information to any person not described in paragraph 6 of this Protective Order, permission to so disclose must be requested from the Designating Party in writing. If the Designating Party objects to the proposed disclosure, such

- 3 -

disclosure shall not be made unless, upon motion by the party requesting such permission, the Court orders otherwise.

8.    Prior to obtaining access to Confidential information, any person to whom Confidential information may be disclosed pursuant to paragraphs 6 and 7 hereof, except the Court and its officers, shall be shown and shall read a copy of this Protective Order and shall agree in writing to be bound by its terms by signing a copy of the Confidentiality Acknowledgment annexed hereto as Exhibit A ("Confidentiality Acknowledgment A"). Counsel for the party obtaining a person's signature on Confidentiality Acknowledgment A shall retain the original signed acknowledgment, and, if the Court so orders, shall provide a copy of the signed acknowledgment to all counsel of record.

9.    Prior to obtaining access to Confidential information, any person to whom Confidential information may be disclosed pursuant to paragraph 6(c) hereof, shall be shown and shall read a copy of this Protective Order and shall agree in writing to be bound by its terms by signing a copy of the Confidentiality Acknowledgment annexed hereto as Exhibit B ("Confidentiality Acknowledgment B"). Counsel for the party obtaining a person's signature on Confidentiality Acknowledgment A shall retain the original signed acknowledgment, and, if the Court so orders, shall provide a copy of the signed acknowledgment to all counsel of record.

10.    Where any Confidential information or information derived from Confidential information is included in any Court filing, such filing shall be marked "**CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER IN BURBERRY LTD. v. DESIGNERS IMPORTS, INC., CIVIL ACTION NO. 07 CV 3997 (PAC)**" and placed in a sealed envelope marked with the caption of the case, filed and held under seal. The filing party shall take all necessary steps

to ensure that any such Confidential information or information derived from Confidential information will be maintained under seal by the Court.

## HIGHLY CONFIDENTIAL INFORMATION

11.    Any Designating Party who produces or supplies information, documents or other materials or tangible items generated by it for use in this action may designate as "Highly Confidential" any information, documents, or other materials concerning the following: (a) product formulas, specifications, recipes, and manufacturing processes; (b) development of new products or technologies currently marketed or to be marketed in the future; (c) marketing plans and methods; (d) business planning and financial documents; and (e) other information which constitutes "Trade Secrets" (as defined in Paragraph 3), when any of the above information is so proprietary or competitively sensitive that its disclosure is likely to cause irreparable injury to the Designating Party. The designation "Highly Confidential" shall be made by affixing on the document or material containing such information, and upon each page of a document so designated if practicable, a legend that in substance states: **"HIGHLY CONFIDENTIAL."**

12.    Highly Confidential information shall not be disclosed, other than as expressly authorized in this Protective Order, and may be disclosed only as follows:

(a)    Disclosure may be made to the Court, its officers, and its personnel. Paragraph 9 of this Protective Order shall apply to any disclosure of Highly Confidential information to the Court, except that the cover page of the filed documents or materials shall be marked: "HIGHLY CONFIDENTIAL - DISSEMINATION RESTRICTED BY COURT ORDER." Only Designated Attorneys (defined in paragraph 12(b)) and counsel for the Designating Party shall be served with copies of Court filings of Highly Confidential information.

(b)     Access to Highly Confidential information shall be limited to attorneys of record representing the party seeking discovery ("Designated Attorneys").

(c)     Disclosure of Highly Confidential information may be made to Experts who are actively assisting in the preparation and trial of this action. Prior to disclosing any Highly Confidential information to any Expert, Counsel for the party contemplating such disclosure shall determine that:

    (i)     (a) disclosure to any Expert of particular Highly Confidential information is, in that counsel's good faith judgment, necessary to that party's prosecution of the case, (b) the Expert is not, and is not believed to intend to become, affiliated with or employed by any entity that is or intends to be in competition with the Designating Party ("competitor"), and (c) counsel has formed a good faith and informed belief that the individual has not previously violated any confidentiality agreement or order and is not likely to violate the terms of this Protective Order.

    (ii)    each such Expert has executed the Confidentiality Acknowledgment annexed hereto as Exhibit B ("Confidentiality Acknowledgment B"). Counsel for the party obtaining an Expert's signature on the Confidentiality Acknowledgment shall retain the original signed acknowledgment and shall promptly serve a copy on all counsel of record.

(d)     Highly Confidential information may be disclosed to an expert only after five (5) business days following written notice to the Designating Party of the proposed disclosure to the Expert. With the written notice shall be included a fully executed copy of Confidentiality Acknowledgment B, completed by the Expert. If the Designating Party objects, in writing, to disclosure of Highly confidential information to the Expert within the five (5) day period, no disclosure of Highly Confidential information may be made to the Expert. If the parties cannot resolve the issue, the party objecting to the proposed disclosure may thereupon seek an appropriate order from the Court disqualifying the Expert or protecting against the

- 6 -

proposed disclosure to the Expert. Until the Court rules on the matter, no disclosure of Highly Confidential information shall be made.

13.    A Designating Party may in good faith redact non-responsive and/or irrelevant Highly Confidential information from any produced document or material. However, unredacted copies of such documents shall be maintained by the Designating Party. To the extent not otherwise obvious, redacted documents must indicate where information has been redacted.

14.    Without further order of the Court, a party may use Highly Confidential information in deposing only (a) an individual who is or was eligible to have access to the Highly Confidential information by virtue of his or her employment with the Designating Party, or (b) an Expert (who shall meet the conditions of paragraph 12(c)).

15.    No one may attend or review the transcripts of the portions of any depositions at which Highly Confidential information is shown or discussed, other than the court reporter (who shall first have executed Confidentiality Acknowledgment A), Designated Attorneys, counsel for the Designating Party, the deponent, and counsel for the deponent (provided deponent and deponent's counsel have previously executed the Confidentiality Acknowledgment A), and Experts qualified to review Highly Confidential information under Paragraphs 12(c) and (d).

16.    Depositions may be designated Highly Confidential by indicating that fact on the record at the deposition. If a Designating Party has advised the court reporter that Highly Confidential information has been disclosed during a deposition, the court reporter shall include on the cover page the following indication: **"DEPOSITION CONTAINS HIGHLY CONFIDENTIAL INFORMATION OF [NAME OF DESIGNATING PARTY] - SUBJECT TO PROTECTIVE ORDER IN BURBERRY LTD. v. DESIGNERS IMPORTS, INC., CIVIL ACTION NO. 07 CV 3997 (PAC)."** Within fifteen (15) business days of receipt

- 7 -

of the initial deposition transcript, the Designating Party shall advise the court reporter and opposing counsel of the specific pages and lines in which Highly Confidential information appears. The court reporter shall supplement the transcript to mark the specific pages and lines designated as Highly Confidential and amend the cover page to reflect that these specific designations have been made. Designated Attorneys may have immediate access to the deposition transcript, but prior to receipt of the page and line designations, shall treat the entire transcript as Highly Confidential information, if so designated at the deposition.

17.    Any presentation of Highly Confidential information to the Court prior to trial shall be made in the presence of only those persons authorized to have access to such information under this Protective Order.

## GENERAL PROVISIONS

18.    Except to the extent expressly authorized in this Protective Order, neither Confidential information nor Highly Confidential information shall be used or disclosed for any purpose other than the preparation and trial of this case, and/or any appeal therefrom, subject to the provisions of paragraph 24.

19.    Any summary, compilation, notes, copy, electronic image or database containing Confidential information or Highly Confidential information shall be subject to the terms of the Protective Order to the same extent as the material or information from which such summary, compilation, notes, copy, electronic image or database is made or derived.

20.    Any party may object to a designation by notifying the Designating Party in writing of that objection. That writing also must specify the Bates range corresponding to the beginning and end of each document subject to objection as well as the Bates number of the particular page or pages of such documents that actually contain the designated material to which

the objection is made. The parties shall, within fifteen (15) days of service of the written objection, confer concerning the objection. If the objection is not resolved, the Designating Party shall, within fifteen (15) days of the conference, file and serve a motion to resolve the dispute over the designation of the material and shall bear the burden of proof on the issue. If no such motion is filed within the stated time period, the material will be re-designated as appropriate. If a motion is filed, information subject to dispute shall, until further order of the Court, be treated consistently with its designation. With respect to any material which is re-designated or ceases to be subject to the protection of this Protective Order, the Designating Party shall, at its expense, provide to each party which so requests additional copies thereof from which all confidentiality legends affixed hereunder have been adjusted to reflect the re-designation or removed as appropriate.

21.     Inadvertent failure to designate any information pursuant to this Protective Order shall not constitute a waiver of any otherwise valid claim for protection, so long as such claim is asserted within fifteen (15) days of the discovery of the inadvertent failure. At such time, arrangements shall be made for the return to the Designating Party of all copies of the inadvertently misdesignated documents and for the substitution, where appropriate, of properly labeled copies.

22.     Nothing in this Protective Order shall be deemed to restrict in any manner the use by any Designating Party of any information in its own documents and materials.

23.     Counsel shall make reasonable efforts to identify materials protected by the attorney-client privilege or the work product doctrine prior to the disclosure of any such materials. The inadvertent production of any document or things shall be without prejudice to any claim that such material is protected by the attorney-client privilege or protected from

discovery as work product and no producing party shall be held to have waived any rights thereunder by inadvertent production. In the case of inadvertently produced privileged and/or work product documents, counsel for the Producing Party shall promptly give written notice to counsel for the receiving party. The receiving party shall take prompt steps to ensure that the documents together with all copies thereof and any notes made therefrom shall be returned to the party claiming privilege and/or work product immunity within ten (10) business days. The receiving party may afterward contest such claims of privilege or work product but shall not assert that a waiver occurred as a result of the production.

24.    If counsel for any party receives notice of any subpoena or other compulsory process commanding production of Confidential or Highly Confidential information that a party has obtained under the terms of this Protective Order, counsel for such party shall, if there are fewer than ten (10) days to comply, within two (2), or if more than ten (10) days, at least seven (7) business days prior to the due date of compliance, notify the Designating Party in writing, and shall not produce the Confidential or Highly Confidential information, until the Designating Party has had reasonable time to take appropriate steps to protect the material. It shall be the responsibility of the Designating Party to obtain relief from the subpoena or order prior to the due date of compliance. To give the Designating Party an opportunity to obtain such relief, the party from whom such information is sought shall not make the disclosure before the actual due date of compliance set forth in the subpoena or order.

25.    This Protective Order shall not prevent any of the parties from moving the Court for an order that Confidential information or Highly Confidential information may be disclosed other than in accordance with this Protective Order. This Protective Order is without prejudice to the right of any party to seek modification of it from the Court. It shall remain in effect until

such time as it is modified, amended or rescinded by the Court. This Protective Order does not affect any party's rights to object to discovery on any grounds other than an objection based solely on the ground that the information sought is confidential in nature.

26.    This Protective Order is not intended to govern the use of Confidential information or Highly Confidential information at any trial of this action. Questions of the protection of Confidential information or Highly Confidential information during trial will be presented to the Court and the Designating Party prior to or during trial as each party deems appropriate.

27.    The Court shall have continuing jurisdiction to modify, enforce, interpret or rescind this Protective Order, notwithstanding the termination of this action.

28.    Within sixty (60) days after the conclusion of this action, including the exhaustion of all appeals, counsel for all parties shall return all Confidential or Highly Confidential information produced in this litigation (other than exhibits at the official court of record) to the Designating Party or shall, at the sole option of the Designating Party, destroy such information. However, documents or materials that contain Confidential or Highly Confidential information of a Designating Party and the work product of the party in possession of the documents or materials need not be returned to the Designating Party but shall be destroyed within the same time frame. Counsel for any party or third party receiving Confidential or Highly Confidential information shall make written certification of compliance with this provision and shall deliver the same to counsel for each Designating Party within one hundred twenty (120) days after the conclusion of this action, including the exhaustion of all appeals.

Dated: New York, New York
      January 24, 2008

                                            Respectfully submitted,

    ARNOLD & PORTER LLP                GOODMAN & SAPERSTEIN

By:    _Chul Lack_              By:    _Stanley Goodman_
    John Maltbie (JM 3658)             Stanley R. Goodman (SG 2500)
    Eleanor Lackman (EL 3668)         600 Old Country Road
    Anthony Boccanfuso (AB 5403)      Suite 333
    399 Park Avenue               Garden City, New York  11530
    New York, New York 10022-4690     (516) 227-2100
    (212) 715-1000

    Roberta Horton                   Attorney for Defendant
    Kimberly A. Isbell
    555 Twelfth Street, N.W.
    Washington, D.C. 20004
    (202) 942-5000

    Attorneys for Plaintiff

SO ORDERED this _25th_ day of _January_ , 2008.

_Paul A. Crotty_
United States District Judge
United States District Court, Southern District of New York

- 12 -

EXHIBIT A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------- x

BURBERRY LIMITED and BURBERRY USA,     :     Civil Action No. 07-cv-3997 (PAC)

            Plaintiffs,     :

      v.     :

DESIGNERS IMPORTS, INC. d/b/a     :
DESIGNERS IMPORTS.COM USA, INC.,     :

        Defendants.     :

                          :
------------------------------------------------------------- x

## CONFIDENTIALITY ACKNOWLEDGMENT A

I, _____, being duly sworn on oath, state the following:

1.    I have read and understand the Protective Order to which this Exhibit A is annexed and I attest to my understanding that access to information designated Confidential or Highly Confidential may be provided to me and that such access is pursuant to the terms and conditions and restrictions of the Protective Order. I agree to be bound by the terms of the Protective Order. I hereby submit to the jurisdiction of this Court for the purpose of enforcement of this Confidentiality Acknowledgment and the Protective Order.

2.    I shall not use or disclose to others, except in accordance with the Protective Order, any Confidential information or Highly Confidential information. I also shall return all Confidential information and Highly Confidential information provided to me in this litigation to case counsel for the party I represent within sixty (60) days after the conclusion of this action,

## EXHIBIT A

including the exhaustion of all appeals.  If I fail to abide by the terms of this Confidentiality

Acknowledgment or the Protective Order, I understand that I may be subject to sanctions under

the contempt power of this Court, which includes the power to impose compensatory damages to

remedy contemptuous conduct.

      I declare under the penalty of perjury under the laws of the United States of America that

the foregoing is true and correct.

Dated: _____

 

 

_____
                                Signature

_____
                             Printed Name

_____

_____
                                Address

_____
          Individual or Entity Represented

EXHIBIT B

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------- x

BURBERRY LIMITED and BURBERRY USA,       :      Civil Action No. 07-cv-3997 (PAC)

         Plaintiffs,      :

        v.      :

DESIGNERS IMPORTS, INC. d/b/a      :
DESIGNERS IMPORTS.COM USA, INC.,      :

         Defendants.      :

     :

-------------------------------------------------------- x

## CONFIDENTIALITY ACKNOWLEDGMENT B

     I, _____, being duly sworn on oath, state the following:

     1.      I have been retained by _____ [party] to serve as an Expert in this action.

     2.      My present employer is _____.

     3.      My business address is _____.

     4.      My occupation is _____.

     5.      If applicable, in the past 12 months, I have consulted and/or served as an expert for the following companies (attach additional sheets if necessary): _____

_____.

     6.      A copy of my current curriculum vitae is attached hereto.

     7.      I have read and understand the Protective Order to which this Exhibit B is annexed and I attest to my understanding that access to information designated Confidential and

- 15 -

EXHIBIT B

Highly Confidential may be provided to me and that such access is pursuant to the terms and conditions and restrictions of the Protective Order. I agree to be bound by the terms of the Protective Order. I hereby submit to the jurisdiction of this Court for the purpose of enforcement of this Confidentiality Acknowledgment and the Protective Order.

        8.     I shall not use or disclose to others, except in accordance with the Protective Order, any Confidential information or Highly Confidential information. I also shall return all Confidential information and Highly Confidential information provided to me in this litigation to case counsel for the party I represent within sixty (60) days after the conclusion of this action, including the exhaustion of all appeals. If I fail to abide by the terms of this Confidentiality Acknowledgment or the Protective Order, I understand that I may be subject to sanctions under the contempt power of this Court, which includes the power to impose compensatory damages to remedy contemptuous conduct.

        I declare under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: _____

                                       _____
                                              Signature

                                       _____
                                          Printed Name

                                       _____

                                       _____
                                            Address

                                       _____
                                  Individual or Entity Represented